United States Bankruptcy Court

District of Puerto Rico

In re:

Charles Muszynski

    Debtor

Case No. 23-02870-MCF

Chapter 7

# CERTIFICATE OF NOTICE

District/off: 0104-3

Date Rcvd: Oct 17, 2023

User: admin

Form ID: pdf001

Page 1 of 6

Total Noticed: 106

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ## | Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable. Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed. The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 19, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | | Charles Muszynski, PO Box 1423, Basseterre, St. Kitts & Nevis, WEST INDIES |
| cr | + | 42 VENTURES, LLC, c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | AFTER II MOVIE, LLC, c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | AFTER PRODUCTIONS, LLC, c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | AMBI DISTRIBUTION CORP., c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | BADHOUSE STUDIOS, LLC, c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | BEDEVILED LLC, c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | BODYGUARD PRODUCTIONS, INC., c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | COLOSSAL MOVIE PRODUCTIONS, LLC, c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | CULPEPPER IP, LLLC, c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | DALLAS BUYERS CLUB, LLC, c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | DEFINITION DELAWARE LLC, c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | FSMQ FILM, LLC, c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | FW PRODUCTIONS, LLC, c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | GLACIER FILMS 1, LLC, c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | HANNIBAL CLASSICS INC., c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | HITMAN TWO PRODUCTIONS, INC., c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | I AM WRATH PRODUCTION, INC., c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | JUSTICE EVERYWHERE PRODUCTIONS LLC, c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | KILLING LINK DISTRIBUTION, LLC, c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | LF2 PRODUCTIONS, INC., c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | LHF PRODUCTIONS, INC., c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | MILLENNIUM FUNDING, INC., c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | MILLENNIUM IP, INC., c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | MILLENNIUM MEDIA, INC., c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | MON, LLC, c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | MORGAN CREEK PRODUCTIONS, INC., c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | NIKOLA PRODUCTIONS, INC., c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | OUTPOST PRODUCTIONS, INC., c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | PARADOX STUDIOS, LLC, c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | RAMBO V PRODUCTIONS, INC., c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | RUPTURE CAL, INC., c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | SCREEN MEDIA VENTURES, LLC, c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | SF FILM, LLC, c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | SPEED KILLS PRODUCTIONS, INC., c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | STATE OF THE UNION DISTRIBUTION AND COLLECTIONS, L, c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | VENICE PI, LLC, c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | VOLTAGE HOLDINGS, LLC, c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | WONDER ONE, LLC, c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | YAR PRODUCTIONS, INC., c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| 5114170 | | 1701 Management, LLC, 151 Calle San Francisco, San Juan, PR 00927-5862 |
| 5114114 | + | 211 PRODUCTIONS, INC., 318 N. Carson Street, Ste 208, Carson City, NV 89701-4269 |
| 5114144 | + | 42 VENTURES, LLC, 75-5915 Walua Rd., Kailua Kona, HI 96740-1375 |
| 5114123 | + | AFTER II MOVIE, LLC, 500 N. Rainbow Road, Ste 300A, Las Vegas, NV 89107-1061 |

District/off: 0104-3                          User: admin                                    Page 2 of 6
Date Rcvd: Oct 17, 2023                       Form ID: pdf001                                 Total Noticed: 106

| | | |
|---|---|---|
| 5114122 | + | AFTER PRODUCTIONS, LLC, 1209 Orange Street, Wilmington, DE 19801-1120 |
| 5114121 | + | AMBI DISTRIBUTION CORP., 3415 S. Sepulveda Blvd., 11th Fl., Los Angeles, CA 90034-6060 |
| 5114169 | + | Andrew Keesee, c/o Allan Rivera, Esq, Capital Center Bldg, #401, 239 Arterial Hotos Ave, Hato Rey, PR 00918-1474 |
| 5114168 | + | Andy Keesee, c/o Allan Rivera, Esq, Capital Center Bldg, #401, 239 Arterial Hotos Ave, Hato Rey, PR 00918-1474 |
| 5114118 | + | BADHOUSE STUDIOS, LLC, 8265 Sunset Blvd, Ste 107, West Hollywood, CA 90046-2433 |
| 5114125 | + | BEDEVILED LLC, 18823 Belshire Ave, Cerritos 90703-8409 |
| 5114151 | + | BODYGUARD PRODUCTIONS, INC., 318 N. Carson Street, Ste 208, Carson City, NV 89701-4269 |
| 5114164 | + | Breadware, 466 S Skylane Dr, Durango, CO 81303-6010 |
| 5114127 | + | COLOSSAL MOVIE PRODUCTIONS, LLC, 127 Broadway, Ste 220, Santa Monica, CA 90401-2392 |
| 5114146 | + | CULPEPPERIP, LLC, 75-5915 Walua Rd., Kailua Kona, HI 96740-1375 |
| 5114141 | + | DALLAS BUYERS CLUB, LLC, 7 Switchbud Pl, Ste 192, The Woodlands, TX 77380-3707 |
| 5114149 | | DAVID COX, Canton, MI |
| 5114115 | + | DAY OF THE DEAD PRODUCTIONS, INC., 318 N. Carson Street, Ste 208, Carson Ci, Ste 208, Carson City, NV 89701-4269 |
| 5114159 | + | FA Hayek Irrevocable Settlement Trust, 33 Calle Boliva, Ste 400, San Juan, PR 00917-2013 |
| 5114128 | + | FSMQ FILM, LLC, 9107 Wilshire Blvd, Ste 600, Beverly Hills, CA 90210-5519 |
| 5114129 | + | FW PRODUCTIONS, LLC, 9454 Wilshire Blvd., Ste M-16, Beverly Hills, CA 90212-2907 |
| 5114166 | + | Glo-Jet, c/o Allan Rivera, Esq, Capital Center Bldg, #401, 239 Arterial Hotos Ave, Hato Rey, PR 00918-1474 |
| 5114167 | + | Glo-Jet Internation, c/o Allan Rivera, Esq, Capital Center Bldg, #401, 239 Arterial Hotos Ave, Hato Rey, PR 00918-1474 |
| 5114158 | + | Grant Thornton, 33 Calle Boliva, Ste 400, San Juan, PR 00917-2013 |
| 5114120 | + | HUNTER KILLER PRODUCTIONS, INC., 318 N. Carson Street, Ste 208, Carson City, NV 89701-4269 |
| 5114117 | + | I AM WRATH PRODUCTIONS, INC., 1901 Ave of the Stars, Ste 1050, Los Angeles, CA 90067-6036 |
| 5114147 | + | JOEL B. ROTHMAN, 21301 Powerline Road, Ste 100, Boca Raton, FL 33433-2389 |
| 5114138 | | JUSTICE EVERYWHERE PRODUCTIONS LLC, at 1901 Ave of the Stars, Ste 1050, Los Angeles, CA 90067 |
| 5114157 | + | Jan Dash, c/o Grant Thornton, 33 Calle Boliva, STe 400, San Juan, PR 00917-2013 |
| 5114162 | + | Jenemi Associates, Inc., 2295 S Hiawassee Rd, #411, Orlando, FL 32835-8747 |
| 5114145 | + | KERRY STEVEN CULPEPPER, 75-5915 Walua Rd., Kailua Kona, HI 96740-1375 |
| 5114152 | + | KILLING LINK DISTRIBUTION, LLC, 9190 Olympic Blvd, Suite 400, Beverly Hills, CA 90212-3540 |
| 5114130 | + | LF2 PRODUCTIONS, INC, 318 N. Carson Street, Ste 208, Carson City, NV 89701-4269 |
| 5114153 | + | LHF PRODUCTIONS, INC., 318 N. Carson Street, Ste 208, Carson City, NV 89701-4269 |
| 5114111 | + | MILLENNIUM IP, INC., 318 N. Carson Street, Ste 208, Carson City, NV 89701-4269 |
| 5114126 | + | MILLENNIUM MEDIA, INC., 318 N. Carson Street, Ste 208, Carson City, NV 89701-4269 |
| 5114136 | + | MILLENNIUM SPVH, INC, Carson Street, Ste 208, Carson City, NV 89701-4299 |
| 5114133 | + | MON, LLC, 215 1/2 Arnaz Drive, Beverly Hills, CA 90211-2803 |
| 5114124 | | MORGAN CREEK PRODUCTIONS, INC., 32 Loockerman Square, #L-100, Dover, DE 19901 |
| 5114108 | + | Marcia Waddell, 145 West 58th Street, New York, NY 10019-1529 |
| 5114109 | + | Millennium Funding, Inc., 318 N. Carson Street, Ste 208, Carson City, NV 89701-4269 |
| 5114112 | + | NIKOLA PRODUCTIONS, INC., 318 N. Carson Street, Ste 208, Carson City, NV 89701-4269 |
| 5114113 | + | OUTPOST PRODUCTIONS, INC., 318 N. Carson Street, Ste 208, Carson City, NV 89701-4269 |
| 5114140 | + | PARADOX STUDIOS, LLC, 919 North Market Street, Ste 950, Wilmington, DE 19801-3036 |
| 5114154 | + | RAMBO V PRODUCTIONS, INC., 318 N. Carson Street, Ste 208, Carson City, NV 89701-4269 |
| 5114132 | + | RUPTURE CAL, INC, 9454 Wilshire Blvd., Ste M-16, Beverly Hills, CA 90212-2907 |
| 5114163 | + | Robert Pola, 2295 S Hiawassee Rd, #411, Orlando, FL 32835-8747 |
| 5114143 | + | SCREEN MEDIA VENTURES, LLC, 800 Third Ave., 3rd Floor, New York, NY 10022-7655 |
| 5114134 | + | SF FILM, LLC, 90 State Street, Ste 700, Office 40, Albany, NY 12207-1707 |
| 5114150 | | SMR HOSTING LLC, Livonia, MI |
| 5114135 | + | SPEED KILLS PRODUCTIONS, INC, 8265 Sunset Blvd., Ste 107, West Hollywood, CA 90046-2433 |
| 5114148 | + | SRIPLAW, P.A., 21301 Powerline Road, Ste 100, Boca Raton, FL 33433-2389 |
| 5114139 | + | STATE OF THE UNION DISTRIBUTION AND COLLECTIONS, L, 800 W. 6th Street,, Ste 380, Los Angeles, CA 90017-2706 |
| 5114165 | + | Stuidored, 4019 Transport St, Palo Alto, CA 94303-4914 |
| 5114131 | + | VOLTAGE HOLDINGS, LLC, 116 N. Robertson Blvd, Suite 200, Los Angeles, CA 90048-3100 |
| 5114155 | + | WONDER ONE, LLC, 4164 Weslin Ave, Sherman Oaks, CA 91423-4661 |
| 5114119 | + | YAR PRODUCTIONS, INC, 9 Acer Ct., Monsey, NY 10952-2473 |

TOTAL: 96

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern
Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| smg | | Email/Text: bankruptcy@hacienda.pr.gov | | |
| | | | Oct 17 2023 18:39:00 | DEPARTAMENTO DE HACIENDA, PO BOX 9024140, OFICINA 424-B, SAN JUAN, PR 00902-4140 |
| smg | + | Email/Text: Quiebras@trabajo.pr.gov | | |
| | | | Oct 17 2023 18:39:00 | PR DEPARTMENT OF LABOR, PO BOX |

District/off: 0104-3                                  User: admin                                      Page 3 of 6
Date Rcvd: Oct 17, 2023                          Form ID: pdf001                              Total Noticed: 106

|  |  |  |  | 195540, HATO REY, PR 00919-5540 |
|---|---|---|---|---|
| smg |  | Email/Text: quiebra@justicia.pr.gov |  |  |
|  |  |  | Oct 17 2023 18:39:00 | FEDERAL LITIGATION DEPT. OF JUSTICE, PO BOX 9020192, SAN JUAN, PR 00902-0192 |
| ust |  | Email/Text: ustpregion21.hr.ecf@usdoj.gov |  |  |
|  |  |  | Oct 17 2023 18:39:00 | US TRUSTEE, EDIFICIO OCHOA, 500 TANCA STREET SUITE 301, SAN JUAN, PR 00901-1922 |
| cr | + | Email/Text: kculpepper@culpepperip.com |  |  |
|  |  |  | Oct 17 2023 18:39:00 | 42 VENTURES, LLC, c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | Email/Text: kculpepper@culpepperip.com |  |  |
|  |  |  | Oct 17 2023 18:39:00 | AFTER II MOVIE, LLC, c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | Email/Text: kculpepper@culpepperip.com |  |  |
|  |  |  | Oct 17 2023 18:39:00 | AFTER PRODUCTIONS, LLC, c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | Email/Text: kculpepper@culpepperip.com |  |  |
|  |  |  | Oct 17 2023 18:39:00 | AMBI DISTRIBUTION CORP., c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | Email/Text: kculpepper@culpepperip.com |  |  |
|  |  |  | Oct 17 2023 18:39:00 | BADHOUSE STUDIOS, LLC, c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | Email/Text: kculpepper@culpepperip.com |  |  |
|  |  |  | Oct 17 2023 18:39:00 | BEDEVILED LLC, c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | Email/Text: kculpepper@culpepperip.com |  |  |
|  |  |  | Oct 17 2023 18:39:00 | BODYGUARD PRODUCTIONS, INC., c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | Email/Text: kculpepper@culpepperip.com |  |  |
|  |  |  | Oct 17 2023 18:39:00 | COLOSSAL MOVIE PRODUCTIONS, LLC, c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | Email/Text: kculpepper@culpepperip.com |  |  |
|  |  |  | Oct 17 2023 18:39:00 | CULPEPPER IP, LLLC, c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | Email/Text: kculpepper@culpepperip.com |  |  |
|  |  |  | Oct 17 2023 18:39:00 | DALLAS BUYERS CLUB, LLC, c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | Email/Text: kculpepper@culpepperip.com |  |  |
|  |  |  | Oct 17 2023 18:39:00 | DEFINITION DELAWARE LLC, c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | Email/Text: kculpepper@culpepperip.com |  |  |
|  |  |  | Oct 17 2023 18:39:00 | FSMQ FILM, LLC, c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | Email/Text: kculpepper@culpepperip.com |  |  |
|  |  |  | Oct 17 2023 18:39:00 | FW PRODUCTIONS, LLC, c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | Email/Text: kculpepper@culpepperip.com |  |  |
|  |  |  | Oct 17 2023 18:39:00 | GLACIER FILMS 1, LLC, c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | Email/Text: kculpepper@culpepperip.com |  |  |
|  |  |  | Oct 17 2023 18:39:00 | HANNIBAL CLASSICS INC., c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | Email/Text: kculpepper@culpepperip.com |  |  |
|  |  |  | Oct 17 2023 18:39:00 | HITMAN TWO PRODUCTIONS, INC., c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | Email/Text: kculpepper@culpepperip.com |  |  |
|  |  |  | Oct 17 2023 18:39:00 | I AM WRATH PRODUCTION, INC., c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | Email/Text: kculpepper@culpepperip.com |  |  |

District/off: 0104-3 | User: admin | Page 4 of 6
Date Rcvd: Oct 17, 2023 | Form ID: pdf001 | Total Noticed: 106

| | | | |
|---|---|---|---|
| | | Oct 17 2023 18:39:00 | JUSTICE EVERYWHERE PRODUCTIONS LLC, c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + Email/Text: kculpepper@culpepperip.com | Oct 17 2023 18:39:00 | KILLING LINK DISTRIBUTION, LLC, c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + Email/Text: kculpepper@culpepperip.com | Oct 17 2023 18:39:00 | LF2 PRODUCTIONS, INC., c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + Email/Text: kculpepper@culpepperip.com | Oct 17 2023 18:39:00 | LHF PRODUCTIONS, INC., c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + Email/Text: kculpepper@culpepperip.com | Oct 17 2023 18:39:00 | MILLENNIUM FUNDING, INC., c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + Email/Text: kculpepper@culpepperip.com | Oct 17 2023 18:39:00 | MILLENNIUM IP, INC., c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + Email/Text: kculpepper@culpepperip.com | Oct 17 2023 18:39:00 | MILLENNIUM MEDIA, INC., c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + Email/Text: kculpepper@culpepperip.com | Oct 17 2023 18:39:00 | MON, LLC, c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + Email/Text: kculpepper@culpepperip.com | Oct 17 2023 18:39:00 | MORGAN CREEK PRODUCTIONS, INC., c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + Email/Text: kculpepper@culpepperip.com | Oct 17 2023 18:39:00 | NIKOLA PRODUCTIONS, INC., c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + Email/Text: kculpepper@culpepperip.com | Oct 17 2023 18:39:00 | OUTPOST PRODUCTIONS, INC., c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + Email/Text: kculpepper@culpepperip.com | Oct 17 2023 18:39:00 | PARADOX STUDIOS, LLC, c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + Email/Text: kculpepper@culpepperip.com | Oct 17 2023 18:39:00 | RAMBO V PRODUCTIONS, INC., c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + Email/Text: kculpepper@culpepperip.com | Oct 17 2023 18:39:00 | RUPTURE CAL, INC., c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + Email/Text: kculpepper@culpepperip.com | Oct 17 2023 18:39:00 | SCREEN MEDIA VENTURES, LLC, c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + Email/Text: kculpepper@culpepperip.com | Oct 17 2023 18:39:00 | SF FILM, LLC, c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + Email/Text: kculpepper@culpepperip.com | Oct 17 2023 18:39:00 | SPEED KILLS PRODUCTIONS, INC., c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + Email/Text: kculpepper@culpepperip.com | Oct 17 2023 18:39:00 | STATE OF THE UNION DISTRIBUTION AND COLLECTIONS, L, c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + Email/Text: kculpepper@culpepperip.com | Oct 17 2023 18:39:00 | VENICE PI, LLC, c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + Email/Text: kculpepper@culpepperip.com | Oct 17 2023 18:39:00 | VOLTAGE HOLDINGS, LLC, c/o Kerry |

District/off: 0104-3 | User: admin | Page 5 of 6
Date Rcvd: Oct 17, 2023 | Form ID: pdf001 | Total Noticed: 106

| | | | | |
|---|---|---|---|---|
| | | | | Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | Email/Text: kculpepper@culpepperip.com | Oct 17 2023 18:39:00 | WONDER ONE, LLC, c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| cr | + | Email/Text: kculpepper@culpepperip.com | Oct 17 2023 18:39:00 | YAR PRODUCTIONS, INC., c/o Kerry Culpepper, 75-170 Hualalai Road, Ste B204, Kailua-Kona, HI 96740-1737 |
| 5114173 | | Email/PDF: bncnotices@becket-lee.com | Oct 17 2023 18:50:24 | American Express National Bank, c/o Becket and Lee LLP, PO Box 3001, Malvern PA 19355-0701 |
| 5114110 | + | Email/Text: CSCBNC@cscglobal.com | Oct 17 2023 18:39:00 | DEFINITION DELAWARE, LLC, 251 Little Falls Drive, Wilmington, DE 19808-1674 |
| 5114137 | + | Email/PDF: richard@hannibalclassics.com | Oct 17 2023 18:39:00 | HANNIBAL CLASSICS INC, 8033 Sunset Blvd., Ste 1066, West Hollywood, CA 90046-2401 |
| 5114171 | | Email/PDF: ais.chase.ebn@aisinfo.com | Oct 17 2023 18:50:19 | JP Morgan Chase, Chase Card Services, 201 North Walnut Street, Del-0153, Wilmington, DE 19801 |
| 5114172 | | Email/PDF: ais.chase.ebn@aisinfo.com | Oct 17 2023 18:50:59 | JP Morgan Chase Bank NA, Three Christina Centre, 201 North Walnut Street, Wilmington, DE 19801 |
| 5114156 | | Email/Text: MarciaMuszynski@gmail.com | Oct 17 2023 18:39:00 | Marcia Waddell, 166 2nd Avenue, 16C, New York, NY 10003 |

TOTAL: 49

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| cr | | Kerry S Culpepper |
| 5114160 | | Southpac Trust Limited, Anz House, PO Box 11, Avarua Rarotonga, Cook Islands |
| 5114161 | | Southpac Trust Nevis Limited, Hunkins Plaza, Charlestown, Nevis |
| smg | * | US TRUSTEE, EDIFICIO OCHOA, 500 TANCA STREET SUITE 301, SAN JUAN, PR 00901-1922 |
| cr | * | American Express National Bank, c/o Becket and Lee LLP, PO Box 3001, Malvern, PA 19355-0701 |
| 5114174 | * | American Express National Bank, c/o Becket & Lee LLP, PO Box 3001, Malvern, PA 19355-0701 |
| 5114142 | ##+ | EVE NEVADA, LLC, 116 N. Robertson Blvd, Suite 200, Los Angeles, CA 90048-3100 |
| 5114116 | ##+ | VENICE PI, LLC, 116 N Robertson Blvd, Ste 200, Los Angeles, CA 90048-3100 |

TOTAL: 3 Undeliverable, 3 Duplicate, 2 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 19, 2023   Signature:   /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 17, 2023 at the address(es) listed below:**

District/off: 0104-3                     User: admin                         Page 6 of 6
Date Rcvd: Oct 17, 2023                  Form ID: pdf001                      Total Noticed: 106

| Name | Email Address |
| --- | --- |
| CARMEN D CONDE TORRES | on behalf of Creditor 42 VENTURES  LLC notices@condelaw.com, conde.associates@gmail.com |
| Kerry Steven Culpepper, I | on behalf of Creditor 42 VENTURES  LLC kculpepper@culpepperip.com |
| ROBERTO ROMAN VALENTIN | romanchpt7@gmail.com  rroman@ecf.axosfs.com |
| UNITED STATES TRUSTEE | ustpregion21.hr.ecf@usdoj.gov |

TOTAL: 4

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Chapter 7 |
| | § | |
| Charles Muszynski | § | Case No.: 23-02870-MCF7 |
| xxx-xx-1273 | § | |
| | § | **MOTION TO DISMISS BAD FAITH** |
| Debtor. | § | **BANKRUPTCY CASE WITH** |
| | § | **PREJUDICE FOR TWELVE MONTHS,** |
| | § | **AND FOR AN AWARD OF** |
| | § | **ATTORNEY'S FEES** |
| | § | |
| | § | |
| | § | |
| | § | |

## MOTION TO DISMISS BAD FAITH BANKRUPTCY CASE WITH PREJUDICE FOR TWELVE MONTHS, AND FOR AN AWARD OF ATTORNEY'S FEES

**TO THE HONORABLE MILDRED CABAN FLORES**
**UNITED STATES BANKRUTCY JUDGE**

Come Now Creditors MILLENNIUM FUNDING, INC., VOLTAGE HOLDINGS, LLC, VOLTAGE PICTURES, LLC, AMBI DISTRIBUTION CORP., AFTER PRODUCTIONS, LLC, AFTER II MOVIE, LLC, MORGAN CREEK PRODUCTIONS, INC., MILLENNIUM FUNDING, INC., MILLENNIUM MEDIA, INC., COLOSSAL MOVIE PRODUCTIONS, LLC, YAR PRODUCTIONS, INC., MILLENNIUM IP, INC., KILLING LINK DISTRIBUTION, LLC, BADHOUSE STUDIOS, LLC, LHF PRODUCTIONS, INC., VENICE PI, LLC, RAMBO V PRODUCTIONS, INC., MON, LLC, SF FILM, LLC, SPEED KILLS PRODUCTIONS, INC., MILLENNIUM IP, INC., NIKOLA PRODUCTIONS, INC., WONDER ONE, LLC, BODYGUARD PRODUCTIONS, INC., OUTPOST PRODUCTIONS, INC., GLACIER FILMS 1, LLC, DEFINITION DELAWARE LLC, HANNIBAL CLASSICS INC., HANNIBAL MEDIA,

INC., STATE OF THE UNION DISTRIBUTION AND COLLECTIONS, LLC, PARADOX STUDIOS, LLC, DALLAS BUYERS CLUB, LLC, SCREEN MEDIA VENTURES, LLC, and 42 VENTURES, LLC  (all collectively: "Movie Creditors"), by and through the below counsel, STATE AND PRAY:

1.      Pursuant to 11 U.S.C. § 707(a), file this motion to dismiss the petition of Debtor Muszynski ("Debtor") with prejudice to re-filing for twelve months for cause.  Movie Creditors are Plaintiffs/Judgment Creditors who were awarded a $15,000,000 plus money judgment in a civil action in the Southern District of Florida entitled *Millennium Funding, Inc. et al v. 1701 Management, LLC. et al*, 21-cv-20862-BB (D. S.D. Fla.) (the "S.D. Fla. Action") and Plaintiffs in the civil action the Federation of Saint Christopher & Nevis High Court of Justice Nevis Circuit action entitled *Millennium Funding, Inc. et al v. AUH2O LLC and Charles Muszynski a/k/a/ Frederick Douglas*, NEVHCV2022/0183(the "Nevis Action") seeking to recognize the S.D. Fla. Action in Nevis.  *See* Doc. #17-1 at ¶¶3-4 and 10-13.

2.      Debtor's petition is a bad faith bankruptcy filed on May 11, 2023, the day before the magistrate judge in the S.D. Fla. Action held a show cause hearing on why default judgment should not be entered against Debtor's trust F.A. Hayek Irrev. Settlement trust and its trustees Jan Dash, Grant Thornton, Southpac Trust Limited and Southpac Trust Nevis Limited on writs of garnishment.  *See id.* at ¶17.  The petition was also filed shortly before an Order to Show Cause hearing was ordered on May 15, 2023 in the S.D. Fla. Action on why Debtor should not be arrested for contempt of court for failing to disclose the information on the trusts for which he is a beneficiary and the corporate documents for AUH2O LLC despite previously being held in contempt of court and being fined $500/day.  *See id.* at ¶30.  The petition was also filed barely a month after the Nevis Court issued a judgment in the Nevis Action denying Debtor's motion to set

2

aside the worldwide asset freeze and awarding Movie Creditors their costs while specifically pointing out Debtor's "economy with the truth". Ex. "A" at ¶38.

3.      Due to the bankruptcy filing, Debtor has delayed Movie Creditors obtaining their costs from responding to and defeating his motion in Nevis and, more importantly, delayed Debtor from having to disclose the information concerning the trusts from which he lives a luxurious lifestyle.  Emboldened, Debtor has continued the same flagrant conduct here.  Namely, Debtor has refused to disclose the information on the trusts for which he is a beneficiary and the names of companies for which he is an officer in his petition.  Debtor has sent Movie Creditors' counsel improper, abusive, and baseless requests for productions of documents that even request personal information about Movie Creditors' counsel[1].  *See* Ex. "B".

**I. Brief Factual Background**

4.      On May 12, 2023, Debtor filed his petition.  *See* Doc. #1.  In part 11, question 27, Debtor checked "YES" to indicate that within the previous four years he was/is an officer, director, managing executive of a corporation.



5.      However, Debtor left blank the box below this question requiring him to complete details about each business for which he is an officer.

---

[1] Debtor has boasted about filings criminal complaints to the FBI against Plaintiffs' pro hac vice counsel and officers of Creditors and bar complaints against counsels for the movie creditors.  *See* Doc. #16 at ¶¶2, 6.

3

6.      In part 4, question 25, Debtor checked "YES" to indicate that he had interests in trusts.  However, he failed to disclose full information about these trusts such as the name(s), trustee(s) and balance(s).



7.      On June 2, 2023, the Trustee of Debtor's estate held a meeting of the creditors.  *See* Doc. #88 at ¶6.

8.      On June 28, 2023, the Movie Creditors joined another creditor's motion for stay relief.  *See* Doc. #23.

9.      On July 5, 2023, this Court issued an order to show cause ("OSC") why Debtor's petition should not be dismissed.  *See* Doc. #41.

10.     On July 14, 2023, Trustee filed a notice of withdrawal of his objection to Movie Creditors' Motion for Stay Relief.  *See* Doc. #48.

11.     On July 17, 2023, Debtor emailed to Movie Creditors' counsel 51 requests for production of documents including baseless and irrelevant requests pertaining to Movie Creditors' counsel's international travel (#19), Movie Creditors' attorney client agreement with their Nevis local counsel (#36), Movie Creditors' attorney client agreement with their Fla. local counsel (#35),

and Movie Creditors' attorney client agreement with Movie Creditors' counsel (#34). Debtor even

attempts to obtain information pertaining to the Nevis action (#28). *See* Ex. "2".

## II. Legal Standard

12.     Pursuant to 11 U.S.C. § 707(a), the Court "may dismiss a case under this chapter ...

for cause." "Cause" is a broad concept, designed to "afford flexibility to the bankruptcy courts."

*In re Little Creek Dev. Co.*, 779 F.2d 1068, 1072 (5th Cir. 1986). §707(a)(1)-(2) specifies "(1)

unreasonably delay…prejudicial to creditors" and "nonpayment of fees or charges required under

chapter 123 of title 28".

13.     Courts have held that bad faith is a valid cause for dismissal of a chapter 7 case

under §707(a). *See Industrial Ins. Servs., Inc. v. Zick (In re Zick)*, 931 F. 2d 1124, 1127 (6th Cir.

1991); *In re Tamecki*, 229 F. 3d 205, 207 (3rd Cir. 2000); *Perlin v. Hitachi Capital America Corp.*,

497 F. 3d 364 (3rd Cir. 2007).

14.     In *In re Lombardo*, 370 B.R. 506, 512 (Bankr. E.D.N.Y. 2007), the court

established a nonexclusive list of fourteen (14) factors a court should consider as part of its totality

of the circumstances analysis in determining bad faith: (1) the debtor's manipulations having the

effect of frustrating one particular creditor; (2) the absence of an attempt to pay creditors; (3) the

debtor's failure to make significant lifestyle changes; (4) the debtor has sufficient resources to pay

a substantial portion of debts; (5) the debtor inflates expenses to disguise financial well-being; (6)

the debtor is overutilizing protections of the Bankruptcy Code to the conscious detriment of

creditors; (7) the debtor reduced his creditors to a single creditor in the months prior to the filing

of the petition; (8) the debtor filed in response to a judgment, pending litigation, or collection

action, and there is an intent to avoid a large single debt; (9) the unfairness of the use of Chapter

7; (10) the debtor transferred assets; (11) the debtor is paying debts to insiders; (12) the debtor

Case 23-02628-MCF7 Doc#: 124-1 Filed: 11/16/23 Entered: 11/16/23 10:53:31 Desc: Imaged Certificate of Notice Page 12 of 38

Case 23-02628-MCF7 Doc#: 104 Filed: 10/20/23 Entered: 10/20/23 00:33:01 Desc: Main Document Page 6 of 15 Page 12 of 38

failed to make candid and full disclosure; (13) the debts are modest in relation to assets and income; and (14) there are multiple bankruptcy filings or other procedural gymnastics. *Id.* at 512. The presence of various of the *Lombardo* factors may be indicative of bad faith. For example, in *In re Rosado*, this court found that dismissal was warranted where just four of the *Lombardo* factors were present. *See In re Rosado*, No. 07-05871, 2010 Bankr. LEXIS 4440, 2010 WL 5019023, at *12 (Bankr. D.P.R. Dec. 1, 2010), *vacated on other grounds*, No. PR 10-080, 2011 Bankr. LEXIS 3008, 2011 WL 4572021 (B.A.P. 1st Cir. Aug. 10, 2011). *See also In re Scott*, 2010 Bankr. LEXIS 2604, 2010 WL 3087507("The presence of a single factor indicative of the debtor's bad faith in filing will not typically equate to a finding of cause for dismissal of a Chapter 7 petition; however, the presence of multiple factors may suffice.").

15.     Bankruptcy Rule 1008 mandates that "[a]ll petitions, lists, schedules, statements and amendments thereto shall be verified or contain a sworn declaration as provided in 28 U.S.C. § 1746." Rule 1008 requires debtors to sign all documents "as a means of not only authorizing the filing of those documents, but of verifying, under penalty of perjury, that they have reviewed the information contained therein and that it is true and correct to the best of their knowledge, information and belief." *In re Bradley*, 495 B.R. 747, 778 (Bankr. S.D. Tex. 2013) (citing *Briggs v. LaBarge* (*In re Phillips*), 317 B.R. 518, 523 (B.A.P. 8th Cir. 2004); *In re Wenk*, 296 B.R. 719, 727 (Bankr. E.D. Va. 2002)).

## III. Argument

### A. Multiple Lombardi factors are present in connection with Debtor's petition.

#### (1) Debtor's manipulations have the effect of frustrating movie creditors.

16.     Debtor's petition was filed on May 11, 2023, the day before the magistrate judge in the S.D. Fla. Action held a show cause hearing on why default judgment should not be entered

against Debtor's trust F.A. Hayek Irrev. Settlement trust and its trustees Jan Dash, Grant Thornton, Southpac Trust Limited and Southpac Trust Nevis Limited on writs of garnishment. *See id.* at ¶17. The petition was also filed shortly before an Order to Show Cause hearing was ordered on May 15, 2023 in the S.D. Fla. Action on why Debtor should not be arrested for contempt of court for failing to disclose the information on the trusts for which he is a beneficiary and the corporate documents for AUH2O LLC despite previously being held in contempt of court and being fined $500/day. *See id.* at ¶30. The petition was also filed barely a month after the Nevis Court issued a judgment denying his motion to set aside the worldwide asset freeze and awarding Plaintiffs their costs while specifically pointing out Debtor's "economy with the truth". Ex. "A" at ¶38. Accordingly, Debtor's petition has the effect of frustrating the movie creditors.

### (2) Debtor has made no attempt to pay movie creditors.

17.     Debtor has not made any attempt to pay the movie creditors. Rather, Debtor has taken numerous steps to reorganize and conceal his assets to avoid collection. For example, in an Nov. 1, 2021 email to his account Robert Pola, Debtor admitted to completely abandoning 1701 Management LLC and LiquidVPN in response to the lawsuit. "AUH2O holds…1701 that has been abandoned - it used to own Liquid VPN but due to the DMCA action brought by the copyright troll - total loss." Debtor further informed Mr. Pola of his wariness of simplifying the structure of his organization because of his concern that Plaintiffs' counsel Kerry Culpepper would discover and seize his assets to satisfy the money judgment.

7

> Under F. A. Hayek:
>
> AUH2O holds the PR LLC called 1701 that has been abandoned - it used
> to own Liquid VPN but due to the DMCA action brought by the copyright
> troll - total loss
>
> Solzhenitzyn holds the PR LLC called Buhosabio that is Wastewiser.com - it's just starting the
> sales cycle and has produced its first monitor units for trial - Buhosabio's account is in Terry Lacy's
> name and SSN.
>
>
> Not averse to simplifying these but MAJOR caution is the ex-wife's continued use of parasitic
> collection attorneys - the latest is Kerry Culpepper, the copyright troll, that cost me $300K is
> losses. You can see all about him here (wonderful example of the USSA's litigious stupidity):
>
> https://www.torrentlawyer.com/copyright-trolls/copyright-troll-attorne
> ys/kerry-culpeppper/
>

18.     In an Oct. 13, 2022 email to his account Robert Pola, Debtor warned Mr. Pola that

he would be getting a subpoena and writ of garnishment from Movie Creditors and belittled the

money judgment as "…against me, an offshore company, and a [Puerto Rico] company – none of

which have any assets.  Oh well."

| | |
|---|---|
| **From:** | Robert |
| **Sent:** | Thursday, October 13, 2022 3:34 PM |
| **To:** | Charles |
| **Subject:** | Re: US Court notice |

Robert Pola Chartered Accountant
Sent from my iPhone

On Oct 13, 2022, at 3:03 PM, Charles <charles@4equity.co> wrote:

The collection guy in Boca is going down the list of charges on my Visa card and sending those gifts to anyone that may potentially lead to $$$. So far he's paid over a thousand in "nothing here, $100 for my response fees". Thanks again to Toby for helping find the info. Their judgment is against me, an offshore company, and a PR company - none of which have any assets. Oh well.

Do hope things are back to normal with you and look forward to hosting you this coming year.

Please not new, temporary, number. Will be converting soon to a new Traceless.tel phone and will update with new number then too.

Thank you,

Charles Muszynski

Director
Four Equity Companies

### *(3) The debtor has failed to make significant lifestyle changes.*

19.     Any changes in Debtor's lifestyle have come not from an attempt to pay his creditors but only because of the worldwide asset restraints issued by the Courts in S.D. Florida and Nevis based upon evidence of his dissipation of assets and his own choice to file bankruptcy[2]. Indeed, in the Nov. 1, 2021 email to his account Robert Pola, Debtor admitted that he has entities such as Antilles, F.A. Hayek and Dusko Popov which own other assets he controls and expressed concern that Movie Creditors' counsel would discover these assets.

---

[2] Debtor stated in the meeting of the creditors that his credit card provider Chase canceled his credit card after he notified them of the filing.

9

> On Nov 1, 2021, at 2:34 PM, Charles <charlesam@hush.com> wrote:
>
> Robert:
>
> Under Dusko Popov:
>
> Antilles is an LLC that hold an LLC that owns a boat I'm trying to
> sell (105' MY);
>
> EVKLeddihn owns a Nevis LLC that owns a house;
>
> The account at UBP is held directly by Dusko Popov Trust
>
> Under F. A. Hayek:
>
> AUH2O holds the PR LLC called 1701 that has been abandoned - it used
> to own Liquid VPN but due to the DMCA action brought by the copyright
> troll - total loss
>
> Solzhenitzyn holds the PR LLC called Buhosabio that is Wastewiser.com - it's just starting the
> sales cycle and has produced its first monitor units for trial - Buhosabio's account is in Terry Lacy's
> name and SSN.
>
>
> Not averse to simplifying these but MAJOR caution is the ex-wife's continued use of parasitic
> collection attorneys - the latest is Kerry Culpepper, the copyright troll, that cost me $300K is
> losses. You can see all about him here (wonderful example of the USSA's litigious stupidity):

### *(4) Debtor has sufficient resources to pay a substantial portion of debts.*

20.     As discussed above, the debtor is a beneficiary to numerous international trusts/organization such as Antilles Management, EVKLeddihn, Dusko Popov, F.A. Hayek, Solzhenitzyn – none of which he disclosed in his bankruptcy petition.  This is a common theme with Debtor. In 2020, the District Court of Appeal for the Fifth District of Florida approved a Florida circuit court's holding of Debtor in contempt and threatening him with incarceration after he fraudulently transferring his company shares to the Nevis 120@53 trust in violation of the court's order in an attempt to avoid an alimony judgment. *See Muszynski v. Muszynski*, 2020 Fla. App. LEXIS

1857, 45 Fla. L. Weekly D 365, 2020 WL 739023 (Fla. App. 2020) ("he has transferred his

company shares to avoid foreclosure…illustrates yet another—potentially purposeful—violation

of the final judgment"). The concurring judge in *Muszynski* also noted that Debtor "…founded a

waste management company that has grossed over $20 million in annual revenue." *Id.* Ultimately,

the Orange County Circuit Court sentenced Debtor to 90 days of incarceration. *See* Docs. ##65-

1, 65-2. As discussed below, Debtor is on the lam avoiding the sentence.

> **(5) The debtor filed his petition in response to Movie Creditors' collection action,**
> **and he intends to avoid the $15,000,000 money judgment.**

21.     As discussed above, Debtor filed this petition only when Movie Creditors had

persuaded the S.D. Fla. to issue an OSC where he would be forced to disclose information on the

trusts for which he is a beneficiary to collect on the judgment or face an order of arrest from a

Federal Court.

> **(6) Debtor's use of Chapter 7 is unfair and unjust.**

22.     It is unfair to grant any relief to Debtor since he is a fugitive from the State of

Florida evading a 90 day jail sentence for contempt of an order of the Orange County Circuit Court.

*See* Docs. ##65-1, 65-2. In the context of civil proceedings, Courts will dismiss appeals from

fugitives when the fugitive's status bears some connection to the civil action, and second, dismissal

addresses concerns underlying the doctrine. *See Walsh v. Walsh*, 221 F.3d 204, 215 (1st Cir. 2000).

Such is the case here. Debtor's Ex-Wife's creditor claim in this bankruptcy is directly related to

his refusal to comply with the Court Order of the Orange County Circuit court. Accordingly, the

fugitive disentitlement doctrine prevents this Court from granting Debtor any relief. Debtor should

be ordered to serve his 90 day sentence in Florida before seeking any legal relief from this Court.

> **(7) The debtor transferred assets.**

11

23.     On January 16, 2023, within one year of the date of his petition, Defendant-withdrew 18,000 EC dollars from his personal account. *See* Doc. #74-22 at p.4.

24.     On January 20, 2023, within one year of the date of his petition, Defendant withdrew 16,000 EC dollars and 24,000 EC dollars from his personal account in two separate withdrawals. *See id.*

### *(8) The debtor failed to make candid and full disclosure.*

25.     Debtor has failed to fully disclose the information for his trusts and the businesses for which he is an officer as required by question 25 of part 4 and question 27 of part 11 of the petition. This failure is particularly unreasonable in view of the contempt order in the S.D. Fla. action against Debtor for the same conduct. *See* Docs. ##17-4, 17-5. The delay has been prejudicial to creditors because they are unable to fully ascertain the scope of Debtor's assets and thus the bankruptcy estate.

26.     Besides failing to fully answer questions to disclose his assets as discussed above, Debtor has admitted to using an address in Texas of a mailbox and a friend rather than his real address in his petition. *See* Doc. #30 at pp. 58-59 ("…Muszynski used an old Texas address from driver's records…Muszynski's residence is in St. Kitts & Nevis…"); Doc. #38 at ¶4; Doc. ## 41. This conduct is particularly egregious because Debtor filed a change of address to an address in Livingston, Texas on May 30, 2023, yet another false address. *See* Doc. #14.

### *B. The Court should dismiss Debtor's Petition with prejudice to avoid serial filings.*

27.     As discussed above Movie Creditors have established that at least 8 of the 14 *Lombard*o factors are present.  In comparison, in *In re Rosado* this Court dismissed a petition where only four of the *Lombard*o factors were present.  *See In re Rosado*, No. 07-05871, 2010

Bankr. LEXIS 4440, 2010 WL 5019023, at *12 (Bankr. D.P.R. Dec. 1, 2010). Accordingly, the Court should dismiss Debtor's petition for bad faith under 11 U.S.C. §707(a).

28.     Debtor will likely abuse the bankruptcy process again by filing another bankruptcy in a different district to stop a contempt hearing or hinder Movie Creditors from proceeding in the Nevis action. To avoid such an unjust result, the Court should dismiss the bankruptcy case with prejudice to refiling for no fewer than twelve months. *See* 11 U.S.C. §§707(b) and (c); 109(g) (refiling barred for 180 days), and 349(a). 11 U.S.C. §109(g)(1) bars a debtor from filing a new bankruptcy case for 180 days if "the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case," while dismissal with prejudice "for cause" under § 349(a) is broader and "provide[s] bankruptcy courts with the power to sanction bad faith serial filers by forbidding further bankruptcy filings for longer than 180-day periods (the time period specified by § 109(g))" *In re Jordan*, 598 B.R. 396, 410 (Bankr. E.D. La. 2019).

### C. The Court should award Movie Creditors their Attorneys' Fees.

29.     Movie Creditors ask the Court to award them attorneys' fees sustained as a result of this bad faith bankruptcy case pursuant to 11 U.S.C. §105(a) and B.R. 9011 (no 21-day safe harbor if the conduct allegedly in violation of BR 9011 is the filing of a petition). Movie Creditors' counsel can provide a declaration detailing their attorneys' fees and costs.

### III. Conclusion

30.     For the foregoing, Movie Creditors pray for an Order dismissing Debtor's petition with prejudice to refiling for 12 months and awarding Movie Creditors attorneys' fees as a result of Debtor's bad faith bankruptcy filing.

**RESPECTFULLY SUBMITTED.**

13

In San Juan, Puerto Rico this 16th day of October, 2023.

/s/ Kerry S. Culpepper
Kerry S. Culpepper, Esq.
*Pro Hac Vice*
CULPEPPER IP, LLC
75-170 Hualalai Road
Suite B204
Kailua-Kona, Hawaii 96740
kculpepper@culpepperip.com

**C. CONDE & ASSOC.**
/S/Carmen D. Conde Torres
Carmen D. Conde Torres, Esq.
(USDC No. 207312)
254 San José Street, 5th Floor
Old San Juan, Puerto Rico  00901
Telephone: 787-729-2900
Facsimile:  787-729-2203
E-Mail: *condecarmen@condelaw.com*
*Counsel for Plaintiffs*

**<u>NOTICE – PR LBR 9013(c):</u>**

**Within thirty (30) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.**

## CERTIFICATE OF SERVICE

I hereby certify that on Oct. 16, 2023, I caused a copy of the foregoing to be served via ECF on the parties on the NEF list and on the following parties by the means noted below:

| | | |
|---|---|---|
| *Via First Class Mail*<br>Allan Rivera, Esq.<br>Counsel for Keesee and Glo-Jet<br>Capital Center Bldg, #401<br>239 Arterial Hotos Ave.<br>Hato Rey, PR 00918-1474 | *Via First Class Mail*<br>Breadware<br>466 S Skylane Dr.<br>Durango, CO 81303-6010 | *Via First Class Mail*<br>Lorenzo J. Palomares, Esq.<br>Counsel for FA Hayke Irrev.<br>66 West Flagler Street, 6th Floor<br>Miami FL 33130 |
| *Via First Class Mail*<br>Grant Thornton<br>Jan Dash<br>33 Calle Boliva, Ste 400<br>San Juan, PR 00917-2013 | *Via First Class Mail*<br>JP Morgan Chase Bank NA<br>Three Christina Centre<br>201 North Walnut Street<br>Wilmington, DE 19801 | *Via First Class Mail*<br>Jenemi Asssociates, Inc.<br>Robert Pola<br>2295 S. Hiawassee Rd.,<br>#411<br>Orlando, FL 32835-8747 |
| *Via E-Mail<per agreement>*<br>Marcia Waddell<br>166 2nd Avenue<br>16C<br>New York, NY 10003 | *Via Airmail*<br>Charles Muszynski<br>PO Box 1423<br>St. Kitts & Nevis, WEST INDIES | *Via First Class Mail*<br>US Attorney General<br>Department of Justice<br>Main Justice Building<br>10th & Constitution Ave., NW<br>Washington, DC 20530-0001 |
| *Via First Class Mail*<br>US TRUSTEE<br>EDIFICIO OCHOA<br>500 TANCA STREET SUITE 301<br>SAN JUAN, PR 00901-1922 | *Via First Class Mail*<br>Roberto Roman Valentin<br>US TRUSTEES OFFICE<br>PO BOX 9024-003<br>SAN JUAN, PR 00902-4003 | *Via First Class Mail*<br>Stuidored<br>4019 Transport St.<br>Palo Alto, CA 94303-4914 |
| *Via First Class Mail*<br>American Express National Bank<br>c/o Becket & Lee LLP<br>PO Box 3001<br>Malvern, PA 19355-0701 | *Via First Class Mail*<br>UNITED STATES TRUSTEE<br>500 TANCA ST STE 301<br>SAN JUAN, PR 00901-1922 | |

*/s/ Kerry S. Culpepper*
Kerry S. Culpepper
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawaii 96740
Telephone: (808) 464-4047
Facsimile: (202) 204-5181
E-Mail: kculpepper@culpepperip.com

# Exhibit "A"

IN THE EASTERN CARIBBEAN SUPREME COURT

IN THE HIGH COURT OF JUSTICE

FEDERATION OF ST CHRISTOPHER AND NEVIS

NEVIS CIRCUIT

CLAIM NO. NEVHCV2022/0183

BETWEEN:

**Millennium Funding Inc et al**

And

**AUH20 LLC**

**Charles Muszynski**

Before:        The Hon. Justice Patrick Thompson Jr.

Appearances:     **Ms. Edisha Greene for the Claimants/Applicants**

**Ms. Kurlyn Merchant for the Defendants/Respondents**

2023:   January 26th

February 3rd & 17th

March 2nd & 23rd

April 3rd

**JUDGMENT**

Factual Background:

1. **THOMPSON JR J:** On the penultimate day of December 2022, the Applicants, Millennium Funding Inc and others applied on an ex parte basis to this court for a worldwide freezing order to freeze the assets of the Respondent company and Mr. Muszynski.

1

2. The application for a freezing order came on for hearing on January 12th, 2023, and this Court agreed to make the freezing order sought by the Applicants. The matter was then fixed for a return date hearing on January 26th, 2023.

3. At the hearing of January 26th, 2023, counsel for the Respondents indicated that she was instructed to apply to set aside the freezing order and would file her application to that effect by January 31st, 2023. As a result, this Court fixed the hearing of the Respondent's application to set aside the freezing order for hearing on February 3rd, 2023.

4. On February 3rd, 2023 both sides indicated to the Court that they were not opposed to a further adjournment of the matter for both sides to take fuller instructions in order to properly address the application to discharge the freezing order. The matter was thus adjourned to February 17th, 2023 to facilitate this process.

5. On February 17th, 2023 the matter was further adjourned  to March 2nd, 2023 as both sides required further time to file further affidavits and perfect their skeleton arguments in this matter. The application to discharge raised important issues of conflict of law and jurisdiction and it was agreed by all sides that a further adjournment to distill the relevant legal and factual issues was necessary.

6. The hearing of March 2nd, 2023, was a lengthy and contested hearing with compelling arguments on both sides. Ms. Merchant tenaciously argued for a discharge of the freezing order while Ms. Greene doggedly insisted that the order was warranted and should continue in force until further order of the Court.

7. The hearing of March 2nd, 2023, focused the minds of the parties and the Court on the relevant legal and factual issues and those matters required a further hearing on March 23rd, 2023 at which this Court permitted the parties an opportunity to file any further affidavit evidence and/or skeleton argument by March 27th with this Court's decision to follow shortly thereafter on March 31st, 2023 and then ultimately on April 3, 2023.

Arguments:

8. The competing arguments that were advanced by the parties can be summarized as follows.

9. Ms. Merchant, for the Respondents argued that the freezing order should be set aside because the US Court had no jurisdiction over the Respondents. In her view, the reasoning of the English High Court and Court of Appeal in Adams v Cape

2

<u>Industries plc [1991] 1 All E.R. 919</u> together with the Dicey Rule[1] confirmed that the judgment of the US District Court for the Southern District of Florida between Millennium Funding et al v 1701 Management dba LiquidVPN ("the US Judgment") was unenforceable against both Mr. Muszynski and AUH20.

10. According to Ms. Merchant the US judgment was unenforceable against (i) AUH20 because there was no evidence that AUH20 had conducted any business and thus had not established a real connection with the United States and (ii) Mr. Muszynski because there was no evidence that Mr. Muszynski was present in the United States when the US judgment against him was filed and/or served.

<u>Enforcement against Mr. Muszynski</u>:

11. At the hearing on March 2nd, 2023 considerable argument was devoted to the issue of whether Mr. Muszynski was physically present in the United States on March 3rd, 2021 since this was the date of filing of the US proceedings against him. At the hearing on March 23rd, Ms. Merchant perfected her arguments on her feet and submitted that the relevant date was the date of service and not the date of filing and that March 23rd as opposed to March 3rd was the relevant date.

12. Ms. Greene would not have anticipated this change of tack by Ms. Merchant since the thrust of the evidence filed in advance of the March 23rd hearing was directed at establishing that Mr. Muszynski was in fact present in Puerto Rico and thus subject to the jurisdiction of the United States on March 3rd, 2023. It is for this reason that the Court allowed the parties one final opportunity to file any further affidavits on or before March 27th, 2023, for the purpose of fairly dealing with this important point.

13. At 3:58 pm on March 27th, 2023, Ms. Greene filed a further supplemental affidavit from a Mr. Kerry Culpepper. Mr. Culpepper averred that as a matter of US law (the US Federal Rules of Civil Procedure) require the plaintiff to serve the defendant again when new claims are added in an amended complaint. A amended complaint was filed against Mr. Muszynski on May 5th, 2021 and as such Mr. Muszynski was served on May 6th, 2021 with that amended complaint by service on his mailbox in Texas.

---

[1] "a court of a foreign country outside the United Kingdom has jurisdiction to give a judgment in personam capable of enforcement or recognition as against the person against whom it was given in the following cases: First Case—If the person against whom the judgment was given was, at the time the proceedings were instituted, present in the foreign country. Second Case—If the person against whom the judgment was given was claimant, or counterclaimed, in the proceedings in the foreign court. Third Case—If the person against whom the judgment was given submitted to the jurisdiction of that court by voluntarily appearing in the proceedings. Fourth Case—If the person against whom the judgment was given had before the commencement of the proceedings agreed, in respect of the subject matter of the proceedings, to submit to the jurisdiction of that court or of the courts of that country."

3

**14.** More importantly, at paragraphs 10 to 14 of his affidavit Mr. Culpepper averred that among other things, Mr. Muszynski's Chase and AMEX Bank Statements indicated among other things, the following:

| Date of Purchase | Date of Travel | Origin | Destination |
|---|---|---|---|
| April 17, 2021 | April 30, 2021 | St Kitts | San Juan, Puerto Rico |
| April 17, 2021 | May 1, 2021 | San Juan, Puerto Rico | Atlanta |
| April 19, 2021 | May 3, 2021 | Daytona Beach, Florida | Atlanta |
| April 27, 2021 | May 4, 2021 | Atlanta, Georgia | Raleigh/Durham, North Carolina |

(i)    Mr. Muszynski had bought a ticket for travel on May 4th, 2021 on Delta Airlines from ATL to Raleigh/Durham Airport in North Carolina

(ii)    Mr. Muszynski had bought food in Atlanta, rented a car in North Carolina and purchased food in South Carolina on diverse days between May 2nd, 4th, 5th and 6th, 2021.

**15.** The weight of this evidence leads to an inescapable inference that Mr. Muszynski was physically present in the United States of America when the amended complaint was served on his Texas mailbox on May 6th, 2021. Mr. Muszynski's assertion at paragraph 24 of his 4th affidavit that he had not 'set foot in Florida since around 2018' is thus demonstrably false.

**16.** This would suffice to find that he was physically present in the United States at the material time and thus subject to its jurisdiction within the meaning of the Adams v Cape and Dicey principles cited above. The judgment is thus enforceable against him in this jurisdiction and as such his application to discharge the freezing order against him fails.

**17.** In the event that this Court is wrong, US Code, Title 48, USC 731-737 exhibited to Mr. Culpepper's affidavit suggests that US laws extend to Puerto Rico and have the same force and effect in Puerto Rico as they would in the United States except for internal revenue laws. This Court did not have the benefit of any expert evidence from either side on this issue and can only act on the basis of the evidence deployed before it.

4

18. In this Court's view, the evidence deployed at the hearing on March 2nd, 2023 leads to an inescapable inference that Mr. Muszynski was present in Puerto Rico on March 2nd, 2021. Mr. Muszynski's assertion at paragraph 23 of his affidavit that the payments on his credit card as derived from his credit card statement in March 2021 could have been made anywhere else in the world do not stand up to scrutiny. The nature of these transactions (for example for food at the Roof Top Bar in San Juan and at Walmart in Monte Sol, Puerto Rico) point towards the actual physical presence of Mr. Muszynski as opposed to the payment to Cigna on March 5th, 2021, in Glasgow, Great Britain.

19. Therefore, he was either in Puerto Rico on March 2nd, 2021, and thus subject to the US jurisdiction or he was present in the continental United States on May 6th, 2021 and clearly subject to US jurisdiction. It has not escaped this Court that Mr. Muszynski appeared to have been in quarantine in Nevis in early to mid-April 2021 but that does negate the inference that his time in quarantine was bookended by his presence in Puerto Rico and then latterly in the continental United States.

Enforcement against AUH20

20. Insofar as AUH20 is concerned Ms. Merchant submitted quite forcefully that the Applicant was unable to demonstrate that AUH20 was carrying out business in the United States or that its business activities, if any, had a real connection with the United States.

21. This court is thus required to carefully consider the nature of the Respondent's business. A good starting point is the Applicant's case against the Respondent. The Applicant says that they are the producers and owners of copyright in certain motion pictures and trademarks. The Respondent is a limited liability company incorporated under the laws of Nevis and is owned and managed by Mr. Muszynski. For what it is worth, Mr. Muszynski does not dispute his management of AUH20 and confirmed that he is its manager and is authorized to provide an affidavit on its behalf. Significantly, he says that AUH20 though incorporated in Nevis has never conducted any business or held any bank accounts anywhere. According to him, AUH20 has no website, email, telephone number, letterhead, trademark, logo, office space or employees. It is the shareholder of 1701 Management LLC and this is its only asset.

22. The Applicant's case is that the Respondents were engaged in the sale of a Virtual Private Network (VPN). This VPN service was described as Liquid VPN under the name Popcorn Time VPN and was directed at unlawfully facilitating the piracy of the Applicant's protected copyright and trademark in their motion pictures. On March 28th, 2022 a final default judgment was entered against the Defendants in the United States District Court for the South District of Florida and damages totaling US$15,172,403.00 were ordered to be paid by the Respondents.

5

23. At paragraph 10 of his first affidavit in these proceedings, Mr. Muszynski accepts that 1701 Management LLC is a limited liability company organized under the laws of Puerto Rico and that AUH20 owns 1701 which is 'the only entity that engages in the sale of VPN services'.

24. There is no dispute that the sufficient connection test is a question of fact to be determined in each particular case. See per Slade LJ at page 1005 of the judgment in Adams v Cape Industries plc.

25. The Applicant contends that the following facts all suggest that a sufficient connection exists between AUH20 and the United States such that the US judgment is enforceable in Nevis.

   (i)     AUH20 was named as a defendant in the US proceedings.
   (ii)    AUH20 was a party to the US proceedings although like Mr. Muszynski and 1701 it took no part in those proceedings which meant that a default judgment was entered against it
   (iii)   AUH20's only business activity is to hold shares in 1701, which is its only asset.
   (iv)    1701 is a Puerto Rican company and is thus a US based company and sells VPN services
   (v)     Mr. Muszynski doesn't say that 1701 is owned, held or operated by anyone else.
   (vi)    Mr. Muszynski accepts that he is authorized to and has deponed affidavits on behalf of AUH20.

26. In the Applicant's view, the combined effect of these factual matters suggests that a sufficient connection exists between AUH20 and the United States. To put it bluntly, for what other purpose does AUH20 exist, if not to hold the VPN service provided by 1701. In their view, the position may have been different if 1701 or AUH20 were engaged in some other business but that is not the case here. The Applicant invites the Court to draw the inescapable inference that 1701 is a wholly owned subsidiary of AUH20 which conducts a business in Puerto Rico and thus has a substantial connection with the United States. For all of these reasons, they submit that AUH20 has a substantial connection with the United States and the US judgment is thus enforceable against AUH20 on this basis.

27. Mr. Culpepper's further supplemental affidavits of March 20th and 27th, 2023 are instructive and compelling. Mr. Culpepper cites Mr. Cox's affidavit (exhibit KSC-17) and paragraph 18 of that affidavit Mr. Cox refers to a heavily redacted agreement between AUH20 and Orchid Labs which Mr. Muszynski signed as manager of AUH20. In this Court's view, the position would be materially different if the

6

agreement with Orchid Labs had been signed by Mr. Muszynski in his personal capacity. This would mean that he (Mr. Muszynski) had personally contracted with Orchid Labs to provide the services.

28. Once these services were sought by AUH20 and paid for on AUH20's behalf by Mr. Muszynski the inescapable inference is that the company (AUH20) was in fact doing business in the United States of America. That inference is supported by the exhibit KSC 19 to Mr. Culpepper's further supplemental affidavit which shows the cryptocurrency transactions using the Orchid blockchain at various dates between December 2019 and July 2020. This evidence is significant for three reasons.

29. Firstly, Orchid Labs, provides a VPN service which users pay for with cryptocurrency. Orchid users must own a crypto currency wallet from which payments are deducted when bandwidth is consumed. Details of the crypto currency wallet addresses (a collection of letters and numbers) are more fully detailed in Mr. Culpepper's affidavit of March 20th, 2023 and a review of their activity from December 13th 2019 to July 15th, 2020 suggest that AUH20 was making use of Orchid's services.

30. Secondly, Mr. Muszynski does not dispute that AUH20 entered into an agreement with Orchid Labs in 2019 as alleged by Mr. Culpepper. That factual concession supports the Applicant's case that at the very least, AUH20 (a Nevis company) was entering into an agreement for business services in the United States. AUH20's case is that there was no customer relationship with Orchid Labs and that the agreement was voided shortly after it was entered. According to AUH20 the agreement was an attempted joint venture that was essentially stillborn because Mr. Cox destroyed any effective transmissions before the claim was filed in the US proceedings. See paragraphs 6 and 7 of AUH20's affidavit of March 16th, 2023.

31. It is passing strange that Mr. Muszynski disputes the presence of his signature on the agreement but accepts that there was an agreement with Orchid Labs. Moreover, Mr. Muszynski has not adduced in evidence any other agreement or a non-redacted version of the agreement with Orchid Labs in support of his position that the exhibited redacted version of the agreement is false.

32. This evidence is to be contrasted against both Mr. Cox's affidavit in which he refutes this suggestion but more importantly, the blockchain transactions using the self-same crypto wallet addresses from Orchid. The wallet address activity does not refer to either Mr. Muszynski or AUH20 but Mr. Muszynski does not in any of his affidavits say that he personally made use of the Orchid crypto wallet addresses and/or tokens. One reasonable inference is therefore that the Orchid crypto wallet addresses and tokens were used by and on behalf of AUH20.

7

33. This Court therefore rejects AUH20's evidence that the Orchid agreement was terminated and never consummated. The evidence before this Court suggests that Mr. Muszynski, on behalf of AUH20 sought to rescind the payment made to Orchid on his credit card. Rescinding a credit card payment does not prove that the agreement was not performed and it is arguable that its recission was a ruse by AUH20 to avoid paying Mr. Cox for his services. There is no memorandum in writing from AUH20 in which they indicate that the agreement was in fact terminated. In any event, these are all matters to be fully resolved at the trial of the Applicant's claim in these proceedings. At this stage, all that is necessary is for this Court to be satisfied that AUH20 had in fact conducted business in the United States of America.

34. This Court accepts that large parts of the Applicant's submissions tiptoe up to the line of asking for AUH20's corporate veil to be pierced but do not expressly do so. The affidavits of Mr. Culpepper and Mr. Cox suggest that Mr. Muszynski and AUH20 and 1701 are one and the same. For the avoidance of doubt, this Court has not pierced the corporate veil of AUH20 in order to arrive at its findings above.

35. It was not necessary to pierce AUH20's corporate veil because (i) all sides accept that AUH20 entered into an agreement with Orchid Labs (a US company) (ii) Mr. Muszynski's signature purportedly appears on the agreement between Orchid Labs and AUH20 thus confirming that he had actual authority to bind AUH20 and (iii) Mr. Muszynski has not said that the AUH20 agreement was a personal agreement between himself and Orchid Labs. The foregoing evidence indicates that AUH20 both entered and then participated in an agreement with Orchid Labs by which VPN services were paid for and obtained via cryptocurrency wallet addresses on the Orchid network.


36. At paragraph 10 of their judgment in <u>Millennium Financial Ltd v Thomas MacNamara and Bank of Nevis International Ltd</u> the Court of Appeal found that nothing was put forward to show that Millennium Nevis conducted business in the United States. In their view, Millennium Nevis was not a defendant in the US SEC action nor was it a party to the United States Action. In the present case, AUH20 was a party and a named Defendant in the US Southern District of Florida Federal Court proceedings. While it did not submit itself to the US jurisdiction in those proceedings this is only one of the factors that a Court must consider in assessing whether there was a sufficient connection between AUH20 and the United States.

37. In <u>Schemmer and others v Property Resources Ltd and others [1974] 3 All E.R. 451</u> Mr. Justice Goulding applied the sufficient connection test to the factual matrix before him. In his view, there was no sufficient connection because PRL was not made a defendant to the US proceedings and there was no evidence that it had

submitted to the US federal jurisdiction. In <u>Schemmer,</u> Mr. Justice Goulding found that there was no evidence that PRL has '<u>ever carried on business in the United States of America or that the seat of its central management and control has been located there'.</u> The evidence suggests that AUH20 did in fact conduct business in the United States of America and confirms that the US judgment is possibly enforceable in Federation of St Christopher and Nevis.

38. There is no dispute that Mr. Muszynski's economy with the truth permits this court to arrive at the foregoing findings of fact that are adverse to him and AUH20. These findings are not determinative of the Applicant's ultimate case since all that is presently before this Court is an application to set aside the freezing order. The ultimate trial of the Claimant's claim is for another day where no doubt Mr. Muszynski, Mr. Cox and Mr. Culpepper and perhaps others may be called as witnesses.

39. The Applicants having succeeded in resisting the Respondent's application to set aside the freezing order are entitled to their costs, such costs to be assessed if not agreed within 14 days of today's date. The freezing order, as modified is thus expressed to continue until trial or other further order of this Court.

40. For what it is worth, this Court did not consider the Claimant's skeleton arguments and authorities filed on March 29th, 2023, as they were filed 2 days after the deadline for doing so. Finally, this Court wishes to thank both counsel for their considerable assistance to the Court in this interesting and emerging area of the law.

**Patrick Thompson Jr.**
**Resident High Court Judge**

**BY THE COURT**

*MHemming*
1st **REGISTRAR**

9



Case:23-02870-MCF7 Doc#:112 Filed:10/13/23 Entered:10/16/23 00:36:51 Desc:
Exhibit "B" Page 1 of 4

**Exhibit "B"**

kculpepper culpepperip.com

| | |
|---|---|
| **From:** | usfilefolder <usfilefolder@protonmail.com> |
| **Sent:** | Monday, July 17, 2023 10:27 AM |
| **To:** | kculpepper culpepperip.com |
| **Subject:** | Meet & confer; 23-90112; Muszynski |

Mr. Culpepper - Please see updated production request and corresponding request to meet and confer regarding production. This request will be submitted for subpoena if no response is received prior to close of business on 18 July, Eastern time. Charles

## DOCUMENTS REQUESTED

1. Any/all Certificates of Existence confirming ownership and legitimate existence of each of the "Movie company" Creditors alleged to exist, represented by CulpepperIP, LLLC in the case styled: Millennium Funding, Inc. *v.* 1701 Management, LLC. (1:21-cv-20862) District Court, S.D. Florida filed on 3 March 2021 and appearing as "creditors".
2. Any/all Certificates of Existence confirming ownership and legitimate existence of each of the "Movie company" Creditors alleged to exist, represented by CulpepperIP, LLLC in the case styled: Millennium Funding, Inc. *v.* 1701 Management, LLC. (1:21-cv-20862) District Court, S.D. Florida filed on 28 March 2022 and appearing as "creditors".
3. Any/all documents confirming the officers, managers, and/or members for each "Movie company" Creditor entity on 3 March 2021.
4. Any/all documents confirming the officers, managers, and/or members for each "Movie company" Creditor entity on 28 March 2022.
5. Any/all documents evidencing any/all persons having authority to contract on behalf of each "Movie company" Creditor on 3 March 2021.
6. Any/all documents evidencing any/all persons had authority to contract on behalf of each "Movie company" Creditor entity on 28 March 2022.
7. Any/all documents evidencing engagement(s) between any alleged "Movie company" Creditors of CulpepperIP, LLLC related to the instant matter and/or the underlying S.D. Miami case.
8. Any/all documents of ownership by Kerry Culpepper in "Movie company" Creditors personally.
9. Any/all documents of ownership by CulpepperIP, LLC in "Movie company" Creditors.
10. Any/all documents of ownership by any entity and/or individual involving CulpepperIP and/or Kerry Culpepper individually in "Movie company" Creditors.
11. Any/all documents between any/all "Movie company" Creditors regarding joinder as stated in Creditors' June 28, 2023 motion for stay relief in which Movie Creditors joined Culpepper's motion for stay relief, see Doc. #23.
12. Any/all documents and/or communications between Bankruptcy Trustee Zayler and Kerry Culpepper.
13. Any/all documents and/or communications between Bankruptcy Trustee Zayler and CulpepperIP, LLLC.
14. Any/all documents and/or communications between Bankruptcy Trustee Zayler and "Movie company" Creditors and Bankruptcy Trustee Zayler.
15. Any/all documents and/or communications between Kerry Culpepper and any other party (parties) listed on the Creditor Matrix, including all updates.
16. Any/all documents and/or communications between any party (parties) listed on the Creditor Matrix and CulpepperIP, LLLC.

1

17. Any/all documents and/or communications between any party (parties) and Kerry Culpepper regarding alleged "trusts", "llcs", "corporations", or other entities alleged to involve Debtor.
18. Any/all documents and/or communications between any party (parties) and CulpepperIP, LLLC regarding Debtor's alleged control, ownership, direction and/or any other form of involvement in: "trusts", "llcs", "corporations", or other entities.
19. Any/all documentation proving Kerry Culpepper was involved in "international travel" that prevented his attendance or the ability to arrange his associates' attendance at Debtor's 341a meeting held on "1 June 2023", see Doc. 44.
20. Any/all documents and/or communications between CulpepperIP, LLLC and any/all parties related to writs of garnishment issued regarding Debtor.
21. Any/all documents relating to the basis for "Movie company" Creditors' motion for stay relief in Doc. #40.
22. Any/all documents establishing Kerry Culpepper is owed money by the Debtor, evidencing his alleged Creditor status.
23. Any/all documents related to trusts allegedly related to Charles Muszynski referenced in the stay lift – trust that I'm a beneficiary, he "believes' I havan interest in, etc.
24. Any/all documents and/or communications between Debtor and any/all US tax preparers and/or CPAs.
25. All writs and filings related to collection actions for Muszynsk in any other District or international action.
26. Any/all documents related to the collection writ settlement with SouthPac of Cook Islands and/or Nevis.
27. Any/all correspondence related to third party communications regarding Debtor – such as "The Hollywood Reporter", "Variety", tech blogs, and/or any other publicity efforts by "Movie company" Creditors and/or their representative intended to make Debtor a "public figure".
28. Any/all documents and/or correspondence related to collection efforts in the Federation of St. Christopher and Nevis.
29. Any/all documents related to "Movie company" Creditors' and their representative's claims in Doc. #23 that establish any basis for allegations that: "…the Debtor, Charles Muszynski ("Muszynski"), his co-defendants, 1701Management LLC ("1701"), and AUH20 LLC ("AUH20") and the entities Muszynski controls including but not limited to Waste Resources LLC (New Mexico); F.A Hayek Irrev. Settlement Trust; The Dusko Popov Irrev. Trust (Nevis); and Antilles Management LLC" are "…depleting estate assets or moving estate assets outside of the jurisdiction of the United States pursuant to this Court's equitable powers under 11 U.S.C. § 105(a)."
30. Any/all documents related to "Movie company" Creditors' and their representative's claims in Doc. #23, that establish any basis for allegations therein that Debtor has any control, ownership, direction, or involvement in any of the entities listed in Doc. 23 and/or any other entities variously alleged throughout their collection actions (such as Glo-Jet, Glo-Jet International, Federal Minerals, etc.).
31. Any/all documents establishing that Debtor has any assets or property other than that reported in his initial filing with the E.D. Bankruptcy Court.
32. Any/all documents provided to the Bankruptcy Trustee, Stephen Zayler.
33. Transcripts of any/all hearings related to the S.D. Miami related to Case No.: 21-cv-20862-BB, discovery hearings before Federal Magistrate Judge Alicia M. Otazo-Reyes conducted on April 11, 2023 and May 12, 2023 wherein "Movie company" Creditors' representation discusses obtaining Debtors federal tax returns for 2018 and 2019 and requests the Court require production of additional returns.
34. Any/all retainer agreements between CulpepperIP, LLLC and "Movie company" Creditors.
35. Any/all retainer agreements between "Movie company" Creditors and SRIPLAW, Inc., of Florida.

36. Any/All retainer agreements between "Movie company" Creditors and Rowe & Rowe in the collection action in St. Christopher and Nevis.

37. Any/all documents related to Trevor Short, a resident and domiciliary of Nevada

38. Any/all documents related to Avi Lerner, a resident and domiciliary of Nevada.

39. Any/all participation/champerty agreement(s) between CulpepperIP, LLLC and any entity(ies) related to the collection action.

40. Any/all documents and/or subpoenas to third-parties in attempted collection actions related to Debtor or other related entities.

41. Any/all documents and/or subpoena responses from third-parties in attempted collection actions related to Debtor or other related entities.

42. Any/all documents related settlements/discovery involving David Cox, SMR Hosting, LLC, SMR Hosting, Inc., Marcia Waddell, Michael Gamache, Robert Pola, Talismark, and/or any other individual and/or entity that has received a writ and/or subpoena.

43. Any/all documents related to initial service made to Debtor in the underlying S.D. Miami matter.

44. Any/all documents related to "Rule 11" motions you have submitted against opposing counsel.

45. Any/all documents related to "Rule 11" motions opposing counsel(s) have submitted against you.

46. Any/all documents related to the International Center for Law and Economics.

47. Any/all documents from Eric Smith.

48. Any/all documents from Daniel Arheidt.

49. Any/all documents from Jonathan Yunger.

50. Any/all documents from Steven M. Bunting.

51. Any/all documents establishing a truthful basis for your allegations in Case 1:22-cv-00741-AJT-WEF, in Document 9-2, filed on 07/01/22, Page 10 of 11, paragraph 31 (*emphasis added*):

> "I was lead counsel for Plaintiffs in the case of Millennium Funding, Inc. v. 1701 Mgmt. Ltd. Liab. Co., No. 21-cv-20862-BLOOM/Otazo-Reyes ("1701") in the Southern District of Florida. In 1701 some of the Defendants operated a VPN service (LiquidVPN) and promoted it for piracy as "Popcorn Time VPN" similarly to the present case. See Millennium Funding, Inc. v. 1701 Mgmt. Ltd. Liab. Co., No. 21-cv-20862-BLOOM/Otazo-Reyes, 2022 U.S. Dist. LEXIS 55799, at *20 (S.D. Fla. Mar. 25, 2022). *To enforce the money judgment, I served a subpoena on LiquidVPN's payment provider PayPal. The transaction records show that after the Defendants in 1701 were served, the primary operator (Mr. Muszynski), who resides in Saint Kent and Nevis, completely abandoned the LiquidVPN business and transferred thousands of dollars out of LiquidVPN's PayPal account and into his account in Nevis even while continuing to accept subscription payments for the defunct service.*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF PUERTO RICO**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Chapter 7 |
| | § | |
| Charles Muszynski | § | Case No.: 23-02870-MCF7 |
| xxx-xx-1273 | § | |
| | § | **DECLARATION OF KERRY S.** |
| Debtor. | § | **CULPEPPER** |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |

**DECLARATION OF KERRY S. CULPEPPER**

KERRY S. CULPEPPER, hereby declares under penalty of law that the following is true and correct:

1.     I am an attorney and represent the movants.  I was admitted *pro hac vice* for this case. I have personal knowledge of the matters stated herein.

2.     Upon information and belief Debtor Charles Muszynski is not a minor or incompetent person.

3.     Upon information and belief, Debtor Charles Muszynski is not currently in the military service of the United States.

4.     I declare under penalty of perjury that the foregoing is true and correct.

In Kailua Kona, Hawaii this 16th day of October, 2023.

*/s/ Kerry S. Culpepper*
Kerry S. Culpepper, Esq.
*Pro Hac Vice*
CULPEPPER IP, LLC
75-170 Hualalai Road

Suite B204
Kailua-Kona, Hawaii 96740
kculpepper@culpepperip.com