*RECEIVED AND FILED*
*PRO SE UPLOAD TOOL*
*04/02/2024 - 5:43 PM*
*USBC*
*(WRT)*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE: | } | Case No. 23-02870-MCF7 |
| | } | Chapter 7 |
| CHARLES MUSZYNSKI | } | |
| | } | **DEBTOR'S RESPONSE, OBJECTION, AND** |
| | } | **REQUEST FOR EVIDENTIARY HEARING** |
| | } | **TO CREDITORS' IMPROPER MOTION** |
| _____ | } | **FOR LEAVE TO REPLY** |

### DEBTOR'S RESPONSE, OBJECTION, AND REQUEST FOR EVIDENTIARY HEARING TO CREDITORS' IMPROPER MOTION FOR LEAVE TO REPLY

**TO THE HONORABLE COURT:**

1. COMES NOW, Chapter 7 Debtor, pro se, in the above styled case and objects to the alleged "movie company" Creditors' improper Motion for Leave to Reply, Doc. #180 and proposed Reply, Doc. #180-1 to Debtor's responses (Docs. #173, #174, #178, and #179) to the Court's sua sponte OSC, Doc. #172; and Debtor requests the Court hold an evidentiary hearing should it chose to entertain the alleged "movie company" Creditors' improper motion.

2. The alleged "movie company" Creditors' motion for leave to reply and their proposed Reply fail to incorporate required negative notice language per FRBP and LBR 9013-1. As their Motion for Leave to Reply should be characterized as an (impermissible) initial motion in that they request the Court dismiss Debtor's case and, notably, that it do so without holding the required evidentiary hearing.

3. The alleged "movie company" Creditors' lawyer and undenied fee-splitting partner, Kerry Culplepper ("Culpepper"), claims in his "clients'" filing at Doc. #180, page 2, paragraph 2, that the:

> *"Movie Creditors' proposed Reply, which is attached as Exhibit "A", abides by Civil Local Rule 7(c) in that it is strictly confined to pointing to specific examples by which Debtor failed to comply with the OSC.."*

It does not. Culpepper shamelessly, completely ignores the fact that no written opposition to Debtor's so called "motion" was timely filed by any "opposing party" and, therefore, Culpepper waived any objections to, properly titled, Debtor's response (not a motion). Culpepper also ignores that, as a OSC response, his motion presumptively, improperly treats Debtor's response as a "motion"; it is not a motion. Culpepper again sets out on his well-trod path to trample rules he has consistently disregarded throughout Debtor's case and improperly files another improper opposition motion, this time to Debtor's response after previously having opposed Debtor's request for rehearing of a matter after the 22 August 2023

hearing, and after he improperly filed an uninvited opposition to Debtor's BAP appeal of the 22 August 2023 Orders (where the Court had to coach Culpepper regarding his fact witness appearances). Here, he continues despite admitting to over a score of automatic stay violations, now knowingly filing improper motions for no purpose other than to harass the Court, the Clerk, superior Creditor(s), and Debtor with vexatious tactics that disregard the Court's integrity and reputation.

4. Culpepper again asks the Court to act based on rule language that does not exist and presents an imaginary basis in doing so, claiming Rule 7 (c) justifies his impermissible motion for leave to reply yet, in truth, Section 7(c) states:

> *"(c) Replies. With prior leave of court and **within seven (7) days** of the service of any objection to **a motion**, the moving party may file a reply, which shall not exceed ten (10) pages in length, and which shall **be strictly confined to responding** to **new matters raised** in the **objection or opposing memorandum**."* (emphasis added)

5. Culpepper filing is barred on multiple grounds, beginning with his failure to timely file as evidenced by the timeline: 1) Debtor's first response was entered on the same day as the 28 February 2024 hearing, Doc. #173, evidencing compliance with Section 109; 2) Debtor's second response was entered a day after the 28 February 2024 hearing (29th), Doc. #174, evidencing compliance with Section 109; 3) Debtor's third response was entered 20 March 2024, Doc. #178, submitting the amendments the Court ordered Debtor complete (and to which Debtor objected) and; 4) Debtor's fourth response was entered 22 March 2024, Doc. #179, explaining that Debtor was timely compliant with Section 521.

6. Were Culpepper's motion for leave to object timely made, it should have been submitted before the 6th and 7th of March for Docs. #173 and #174, respectively. Debtor's court-ordered response including amendments to his Schedules in Doc. #178 (over Debtor's objection) would require any motion from Culpeper to be filed by 27 March 2024. Debtor's response (over Debtor's objection) in Doc. #179, an explanation why Debtor qualified under Section 521, was filed 22 March 2024 and the window to submit a motion for leave (were it permissible), closed 29 March 2024. Culpepper's motions fail on all four counts as time barred, besides the fact that they are impermissible, as he filed on 31 March 2024.

7. Culpepper's motion is barred because it is not responsive to a *motion*, per Rule 7(c), filed by a Debtor, not a Debtor's <u>response</u> to a sua sponte OSC filed over Debtor's objection. Section 7(c) references a *motion*, not a party's *response*. Debtor's four *replies* each responded to the Court's OSC and were submitted as promptly as Debtor was able. Culpepper's motion for leave to show cause is time barred and barred too because Debtor did not file any motion(s), merely replies to a sua sponte OSC.

8. Culpepper's improper Reply, were it not time barred in four instances nor barred as an impermissible reply to Debtor's OSC response, not a *motion* by Debtor, is also barred because it is not confined to specific examples by which Debtor failed to comply with the OSC.

*"Movie Creditors' proposed Reply, which is attached as Exhibit "A", abides by Civil Local Rule 7(c) in that it is strictly confined to pointing to specific examples by which Debtor failed to comply with the OSC…"*

Debtor has again and again fully responded (in addition to continually and repeatedly doing so at multiple hearings, in other filings, and the 341(a) meeting) to each and every one of the same topics the Court's OSC required Debtor address. Culpepper's motion offers no new basis or proof that Debtor failed to respond to every item required by the Court's OSC, no proof or evidence that Debtor was untimely, no proof or evidence that Debtor was incomplete, and no proof or evidence that Debtor engaged in any bad actions in his responses. What "evidence" (entirely unqualified, at that) Culpepper does offer actually confirms and comports with all Debtor's prior testimony at eight other Court hearings, scores of filings, and Debtor's sworn testimony at the 341(a) meeting – which Culpepper refused to attend and which was continued due to his refusal. Notably, during the hearing on 30 June 2023 when the Trustee stated he would waive the continued 341(a) meeting set later that day, Culpeper sat mute, voiced no objection, nor requested an explanation….because he knew "why" – the Trustee had fully investigated, reviewed all of Culpepper's "evidence", saw no further basis, and eventually distributed the Estate. Culpepper's instant motion, although pointless on its merits, does provide prima facia proof of the continuing, intentional abuse of Debtor and Culpepper's consistently vexatious practice before this Court.

9. Culpepper's improper request and proposed Reply, were they not time barred on multiple grounds and flatly impermissible given Debtor's sua sponte OSC responses, should be barred for failing to remain confined to specific examples by which Debtor failed to comply with the OSC. Culpepper also raised a myriad of unrelated, irrelevant, ventilated, and precluded topics, none of which Debtor was ordered to act upon and all of which are not "new" since previous filings are replete with the same obtuse, repetitive, and disproven claims, none of which evidence Debtor ever failed to perform as ordered. As the Trustee said, it's the same stuff, over and over.

10. Debtor's timely OSC response was fully compliant and submitted over his objections and out of respect for the Court. Debtor evidenced his compliance with Section 109 (Doc. #173 and Doc. #174) and provided examples of Debtor's same compliances from prior Court findings. Debtor timely filed amended forms (Doc. #178) as the Court ordered and, again, provided information and again explained his compliance with Section 521 in Doc. #179 and again showed cause why his case should not be dismissed because of Culpepper's continuing stream of knowing falsehoods and lies of omission.

11. Culpepper's filing(s) do not identify, much less allege, any failure by Debtor to (again) provide the Court:

(a) an *Amended Voluntary Petition* disclosing his current residential address which has never changed and which was adjudicated by the Court as valid and provided to the Trustee;

(b) an *Amended Schedule A/B* disclosing the following information in question number twenty-five (25): a) the name of the trust, b) the trust tax ID number (EIN), c) the trust address, d) the date in which the trust was created, e) who created the trust, f) how the trust is funded, g) details of the trust's assets, h) the name of the trustee or trustees and their addresses; all of which Debtor provided to the best of Debtor's ability, and/or fully explained, as Debtor had already provided to the Trustee and to the Court – all of which Culpepper knowingly ignores when filing false claims; (c) *Amended Statement of Financial Affairs* providing the complete information required in questions five (5) and question number twenty-seven (27) as already discussed with the Trustee and provided to the Court.

12. The Court has bent backwards for nearly a year while Culpepper's vexatious crusade unfolded using proven frauds, violating rules and law, and the continuing proliferation of his falsehoods and redundant filings achieve nothing but his goal of deterance. No other Creditors have opposed Debtor's discharge, nor appeared at the 341(a) meeting of Creditors, nor opposed Debtor's BAP appeal, nor have otherwise filed. Conversely, Debtor has been ordered again and again and again to redundantly provide the same information over and over and over, the same information Debtor supplied to the Trustee *a week before* Culpepper provided what the Trustee described as "*a very large amount of documentation from Mr. Culpepper*". Still, Culpepper's obvious and blatant vexation, disregard for Rules, truth, ethics, and rampant violations of the automatic stay continue and, apparently, the only basis Debtor can discern for such accommodation is that, since Culpepper is a "lawyer" (in addition to admitting and/or undeniably being a litigant, third-party-partner, fee-splitter, and holding a pecuniary interest), his allegations have special status that outweighs Debtor's sworn testimony, submissions, and all evidence of Culpepper's undenied frauds. So advantaged, Culpepper's has drug the proceedings out for over a year, by the time of the next hearing, despite manifest examples of his utter disrespect of and disregard for the Court and its resources. Not to mention trampling what equity and due process expectations litigants desire in expectation after a claim.

13. Culpepper's manifest abuse is shameless. One merely look to his latest, Doc. #180, for more examples. Culpepper again blatantly lies by omission, claims Debtor failed to timely complete credit counseling and, while exhibiting his in-depth knowledge of filings to parse insignificant and irrelevant name details regarding Debtor's address which has never physically varied and is a precluded matter, Culpepper astoundingly pretends to ignore the plain language of the Court's Order in Doc. #5. Despite claiming Debtor failed to qualify, Culpepper never timely opposed Debtor's progress after being determined qualified by the Court's Order, in Doc. #5 allowing Debtor to file counseling proof by 26 May 2023.

14. Culpepper indisputably knows the docket and its filings yet shamelessly, again, wastes the Court's time, the Clerk's time, other Creditors' time, and the Debtor's time with another frivolous and vexatious motion. In his filing's proposed "Reply", Doc. #180-1, page 3, "Section A." he claims that: "*Muszynski failed to timely obtain credit counseling as required by 11 U.S.C. §109(h) and the May 12, 2023 Order [Doc. #5] in this case.*" Culpepper knows this is a false and a lie by omission. Debtor's Certificate of Counseling shows the initial course was completed on 13 May 2023, nearly two weeks before the Court Ordered deadline of 26 May 2023 that its Order in Doc. #5 provided, see Debtor's Doc. #174 page 11, Exhibit 3 and Doc. #5, paragraph 2, respectively). Culpepper again lies by omission, refusing to show the Court the full language in its Order, provided below for edification and in "Exhibit 1" and see "Exhibit 2" for Certificate of Counseling:

> "*IT IS THEREFORE ORDERED that Debtor should fulfill the credit counseling requirement immediately but in any case not later than Friday, **May 26, 2023**. If such requirement is fulfilled prior to this date, **the Court would hope that parties in interest would elect to waive this eligibility issue in light of Debtor's pro se status, thereby avoiding a possible pointless re-filing and the necessity of conducting a stay continuation hearing**.*" (emphasis added)

15. Obviously, not only does Culpepper lie again to this Court in multiple ways, expecting the Court's indulgence for his "ignorance", he does so while violating the spirit of the Court's prior Order in which the Judge had "hope" Culpepper would not slither about with further pointless motions to delay proceedings. Obviously, Judge Searcy knew as early as Doc. #5 that Culpepper is a legal lamprey that arrogantly and unethically uses his license to abuse the Court and litigants.

16. Despite Debtor's timely compliance to the OSC, Culpepper disrespects the Court again, failing to timely ask for leave to reply (while knowing his motion is impermissible) despite the plethora of his historic violations, knowing lies, and frauds upon the Court. For example, and without consenting to their admission or relevance and while stating they are categorically false, some of Culpepper's impermissible motion and proposed Reply's false allegations include, among many more knowing falsehoods, innuendo, and manufactured claims, Doc. 180-1, that (only a partial list):

> a) "*...Muszynski has again purposefully omitted required information that is key to ascertaining the bankruptcy estate.*";
> b) "*...Muszynski failed to timely obtain credit counseling...*";
> c) "*Muszynski continues to omit key information in his Amended Petition.*";
> d) "*Muszynski finally discloses limited details of trusts F.A. Hayek Irrevocable Trust and Dusko Popov Irrevocable Trust in the amended petition.*";
> e) "*...Muszynski does not dispute the accuracy of his statements in his emails to Mr. Pola.*"
> f) "*Muszynski states that his address is "Church Ground", "...but in the underlying case, Muszynski stated under oath in a notarized affidavit dated April 14, 2023 that his address is "Fig. Tree, #1*";
> g) "*Muszynski's failure to include his claim against Mr. Mockler for legal malpractice is another omission that violates the clear instructions of the OSC.*"

17. Every one of these and the rest of Culpepper's allegations are false and have been repeatedly heard, argued, and dismissed in Debtor's favor. Many are Culpepper's undenied lies and omissions

presented after cherry-picking portions of emails he presents to the Court in a fraudulent light and/or absent context and/or that are knowingly false statements in and of themselves. Besides false, cherry-picked snippets, Culpepper conceals from the Court the true context of all the emails extorted from a consultant, Robert Pola, who's cover email to Culpepper plainly characterized all of them as theoretical conversations between himself and Debtor. Culpepper admits to and does not deny having illegally extorted Debtor's tax returns from Pola and extorting passcodes to access them illegally, without a signed Court Order (subpoena fraud is a Culpepper hallmark as shown in Debtor's Doc. #179 in Reddit). Culpepper offers the Court knowingly fraudulent hearsay, void of context, parsed prevarications, and innuendo, instead of evidence. He cannot risk Pola's testimony which would anxiously confirm each of Culpepper's flailing falsehoods and criminal tax violation(s).

18. The email Culpepper conceals from the Court is Pola's primary correspondence that eviscerates the entire false narrative proceeded all of Pola's correspondence and reveals full context of the emails from Pola himself. In Debtor's filing, Doc. #137, page 11, paragraph 25 Pola clarified that "...*most time was spent having theoretical conversations on the telephone*." Therefore, more than half ("most") of the context is absent, what context remains (less than half) has been shown out of context, and further parsed by Culpepper, rendering the majority of Culpepper's "evidence" pointless on many grounds. Pola's email in its entirety:

> "*Re: 1701 Management LLC - CM*
> *From Robert <Robert@jenemi.com>*
> *To 'kculpepper@culpepperip.com' <kculpepper@culpepperip.com>*
> *Date 2022-11-02 13:27*
> *Priority Highest*
> *Inbox - 2021 dealt with.pdf (~7.6 MB)*
> *Sent Items.pdf (~1.4 MB)*
>
> *Dear Ms Culpepper*
>
> *I have been asked to reply to your email of 23 October on this matter.*
> *Please note that Jenemi Associates Limited is not a party to your subpoena.*
> *However, in the spirit of co-operation, plus the fact that the entity and person (CM) are not clients of this firm, I attach PDF copies of emails received and sent. There are no other documents.*
>
> **This was a one-off situation. Most time was spent having theoretical corporate structure debates on the telephone.**
>
> *Nothing has transpired to establish an ongoing relationship.*
>
> *Regards*
> *Robert Pola*
> *Business Consultancy: Jenemi Associates*" (emphasis added).

19. Besides the emails' inadmissibility as hearsay, Pola confirms what Debtor has told the Trustee and the Court from the start – everything discussed was theoretical, related to structure debates, and

there's no relevance to any entity(ies) that may or may not exist in reality since Debtor has had no involvement in nor authority over any entities. Despite being admonished Judge Searcy and the Trustee for improperly attempting to wrest the Estate from the Trustee during prior hearings on 30 June 2023 and 22 August 2023, Culpepper continues to disregard the Court's prior rulings and conducts himself as if *he* was the legitimate Trustee administering the Estate in May of *last* year instead of as unsecured creditor, litigant, witness, and a supposed "representative" of the alleged "movie company" Creditors that are, undeniably, his business partner (of those that actually exist). Culpepper arrogantly again disrespectfully and redundantly re-introduces every manner of irrelevant matters while ignoring prior adjudications, preclusions, and the fact that, after conducting exactly ZERO due diligence, he has failed in his time. The Estate has been distributed, no objections were filed (much less Culpepper's), and Culpepper is barred by multiple vectors from bringing further accusations, false or not. Just as elections have consequences, so too does one's failures to timely act or perform zero due diligence. Having failed in every respect to follow law and procedure, he resorts to the bastion of desperation, motion practice.

20. Culpepper's knowingly false and previously adjudicated claims, were all ventilated by sworn testimony, filings, schedules, evidence, beginning at the 341(a) meeting. Having performed zero due diligence and choosing to remain or claim ignorance, Culpepper subjects this Court to his whimsical, willfully uninformed claims motivated by seething greed, hoping someone, anyone, will reward him. The actual Trustee was promptly provided all trust information Debtor had the week before Culpepper even contacted the Trustee with his "information". Culpepper feigns willful ignorance, pretending that his same, flaky frauds were never filed nearly a year ago here and years before in his underlying S.D. FL fraud. Nonplussed, the feet stomping and demands for redress from this Court ensue despite Culpepper knowing for a fact that:

a) Debtor never purposefully omitted any required information regarding the Estate;
b) Debtor never failed to timely complete credit counseling;
c) Debtor has not continued to omit key information in any Petition;
d) Debtor disclosed all details he possessed regarding F.A. Hayek Irrevocable Settlement and Dusko Popov Irrevocable Trust the week before Culpepper even contacted the Trustee to provide information – Culpepper knows no other trusts exist despite his repeated prevarications and hearsay "evidence";
e) Debtor has always disputed every one of Culpepper's fraudulent claims regarding every "Pola" email and objected to Culpepper's undeniably extortionate procurement of private tax information both of which Culpepper has used to manufacture falsehoods and filings;
f) Debtor has consistently used his address in Nevis, "Church Ground", as evidenced on his driver's license; Culpepper's willfully ignorant, intentionally fraudulent and silly baloney-slicing exercise, claiming "Church Ground" is "different" than "Fig Tree, #1" is preposterous. They're identical and next to Lord Admiral Nelson's nuptial Chapel and comport with Debtor's notarized affidavit dated April 14, 2023 (unlike the slew of knowingly false affidavits Culpepper has sworn to here, in S.D. FL, in Nevis, and in E.D. VA, in which he claims a variety of wild prevarications about Debtor);

g) Culpepper's failure to timely object, despite myriad opportunities, nearly a year of his manufactured delays, and protracted accommodations by the Court, to the findings of the Trustee and/or the distribution of the Estate and/or the documentation identifying Debtor's relationship to the trust from which his income is received and was disclosed, foreclosed Culpepper's redress yet he continues pretend he, Culpepper, is the Trustee, not an unsecured Creditor masquerading undeniably, as a "lawyer" representing "clients";

h) Debtor did not fail to include any malpractice claims but Culpepper knowingly concealed the fact from the Court that Judge Searcy already ruled that Culpepper's claim was irrelevant, that a debtor's opinion was not a claim, and found in Debtor's favor after the evidentiary hearing on 22 August 2023 where he also found Debtor qualified under "Section 109" and moved the case to D. PR, and dismissed every motion of Culpepper's.

Debtor could go on and on and on repudiating each and every one of Culpepper's flaying falsehoods but does not see the point of inflicting further redundancies of Culpepper's frauds here since it is blindingly obvious what Culpepper is, what he attempting to do, why he is trying to do it, and more examples are not needed to evidence the equally obvious absence of respect Culpepper has for the Court, its efficiency, or its dignity.

21. Culpepper undeniably recognizes the Estate was distributed 23 August 2023, that neither Trustee has appeared since, that not a single objection was timely filed after distribution, and that neither Trustee objected to any of Debtor's filings or schedules. Nonetheless, Culpepper's senseless filings continue to the detriment of superior Creditors' claims, such as the ex-spouse and her DSO, all interested parties, the Court, and Debtor. After performing zero due diligence, Culpepper demands the Court award him a "do-over" regardless of his having abandoned all accountability, failing to timely act, and admittedly and undeniably committing a slew of ethical violations, impermissible filings, automatic stay violations, criminal extortion upon Pola, and obvious vexation.

22. Culpepper undeniably recognizes Debtor's timely compliance with every prerequisite of two actual Trustees, that they determined no trust assets were part of the Estate, and Culpepper's filings remain silent on this matter, undeniably recognizing that not only is no trust part of the Estate but that the trust(s) was established long before Debtor's filing and Culpepper's fraudulent S.D. Florida case.

23. Culpepper concurs that, because Debtor was ordered to amend filings by the Court and Debtor did so out of respect for the Court's authority while objecting to doing so in order to preserve his ability to amend at a later date, Debtor's initial filings were accepted by the Trustee(s) as adequate, were properly considered, the Trustee therefore distributed the Estate, neither Trustee nor any Creditor opposed the distribution, and Culpepper made no filings despite spending nearly a year delaying Debtor's case, to contest the Trustee's findings. Culpepper undeniably agrees and offers no evidence to show Debtor has access to any funds or assets other than those Debtor disclosed to the Trustee. Culpepper has represented and the Trustee confirmed that Culpepper possessed a trove of information that he shared with the Trustee. Had Culpepper performed *any* due diligence or simply communicated with the Trustee(s), the

Court would not be again forced to entertain another of Culpepper's pointless filings with beaten-down fantasies and illicit falsehoods; recall Judge Searcy's warning in Doc. #5:

> "...the Court would hope that parties in interest would elect to waive this eligibility issue in light of Debtor's pro se status, **thereby avoiding a possible pointless re-filing** and the necessity of conducting a stay continuation hearing". (emphasis added)

24. Debtor is bewildered to witness that, for nearly a year, he has had to repeatedly defended baseless, previously adjudicated, precluded, knowingly fraudulent attacks based on flamboyant fantasies and unethical motion practice by Culpepper. These have included claims that Debtor knowingly filed false addresses to mislead the Court, that Debtor is equivalent to a wife-beater, escaped capital murderer, a wanted felon on the lamb, owns a multi-national jet charter company, has exported millions in mineral from Africa, failed to complete credit counseling, etc.). Meanwhile Culpepper, a lawyer ordered to repay legal fees in the underlying S.D. FL case, a self-admitted fact witness, an undenied fee-splitting partner in an off-shore racketerring scheme with another lawyer sanctioned and ordered to pay nearly a quarter million Dollars in fees (Joel Rothman in the same S.D. of Florida), a lawyer so obviously vexatious that Judge Searcy cautioned his practice in Doc. #5, a self-admitted copyright troll undeniably furthering the scheme of the criminally convicted partners at Prenda Law, remains unmolested by the slightest accountability for his actions while he has managed to single-handedly prolong Debtor's case beyond a year.

25. At the 30 June 2023 preliminary hearing, Culpepper admitted Bankruptcy Courts' "*...afford the Trustee ample tools to uncover the true state of the extent of the Debtor's financial affairs...*", Doc. #17, pg. 10, par. 2. Nonetheless, Culpepper arrogantly asserted he held superior knowledge and abilities that justified the Court wresting the Estate from the Trustee, to whom it belonged, and handing it to him (Culpepper) to pursue debtor (and disenfranchise superior Creditor's claims), see Doc. #17, pg. 10, par. 2:

> "Having litigated against the Debtor in the District Court Action for several years, Movants – as well as the District Court – **are well-versed in the Debtor's financial affairs** and are willing to continue their post-judgment collection efforts for the general benefit of the Debtor's estate."

Correctly, the Court declined and at the 22 August 2023 evidentiary hearing, the Trustee testified Debtor:

> "On or about the 23rd of May I...(Trustee, received).... a lot of documentation from the debtor.", "And then on May 30th, I received....a very large amount of documentation from Mr. Culpepper"

(a week after receipt of Debtor's); see transcript, Doc. #136, page 12. *Three months later*, on 23 August 2023, the Trustee distributed the Estate, an interim in which *Culpepper did nothing*. Obviously, the Trustee had not only ample tools to uncover the true state of the extent of Debtor's financial affairs but also all of Culpepper's documentation regarding Debtor since May of *last year* that are acknowledged to have formed part of the Trustee's basis for assessment, administration, and uncontested distribution.

26. Incredibly, despite all evidence being exactly contrary and contradictory, Culpepper's salivating greed and unmitigated gall motivate him to demand that because of Debtor's "… *continued willful refusal to fully disclose his assets in flagrant disobedience of an OSC, the Court can also dismiss his petition with prejudice and bar to refile and discharge of debts in a later case per 11 U.S.C. § 105(a)…*". As basis, he cites (Doc. 180-1, page 7 – 8, Section C), and In re Brown, No. 21-57056-WLH, 2023 Bankr. LEXIS 1745, at *12 (Bankr. N.D. Ga. July 12, 2023) (citing In re Burroughs, 2014 Bankr. LEXIS 1941, 2014 WL 1689969, at *2 (Bankr. N.D. Ga. Apr. 29, 2014) and Colonial Auto Ctr. v. Tomlin (In re Tomlin), 105 F.3d 933, 938 (4th Cir. 1997) and encourages the Court dismiss the case with prejudice and barring subsequent discharge of debt. Culpepper would be hard pressed to have found a more distinguished case.

27. Never one to be shamed or embarrassed for grotesque overreach, in citing Brown, Culpepper, provides another example of astonishing projection. Consider what Brown entailed versus the undeniably complaint Debtor in the instant matter (compliance that has seen demand after redundant demand for the same information over and over and over due to Culpepper's proven frauds). In re: Brown:

> *"The Court finds, based on the record as a whole, cause exists to dismiss this case with a bar to subsequent discharge of debt existing as of the petition date of September 21, 2021 and a bar to successive petitions for a period of time. Debtor filed bankruptcy and then **repeatedly failed to appear before the Court** in proper prosecution of her case. Debtor **failed to appear for her section 341 meeting of creditors** scheduled for October 27, 2021. Debtor **failed to appear at her Rule 2004 exam** on April 13, 2022, despite being served with a subpoena to attend. **Debtor failed to attend the May 26, 2022 hearing** on the Motion to Convert, the July 28, 2022 **hearing on the Trustee's motion to compel,** and the April 18, 2023 hearing on the Trustee's application to employ a realtor. She then **defied five Court orders to appear before the Court** in person. Debtor **ignored requests from the UST,** the Chapter 7 Trustee, and the Court to appear and provide information. Debtor's **conduct in this case is evidence of her disregard for the Court and its rules and processes**. Debtor has **failed to provide any justification or excuse for her actions**. Her **conduct can fairly be described as egregious**. Based on the foregoing, and the finding of contempt herein, the Court concludes sufficient **cause exists to dismiss the instant case,** bar the discharge of all debts existing as of the petition date, and prohibit Debtor from filing bankruptcy for a period of 2 years."* (emphasis added)

28. Were one to replace the "Debtor" with word "Culpepper", consolidate the emphasized areas into sentences, and change "discharge" to "disqualification", presto, an easy Motion for Disqualification of the alleged "movie company" Creditors' lawyer would appear. Not a First Circuit case and incredibly disproportionate to the instant matter's circumstances, Culpepper's flagrantly distinguished cites remains consistent with his prior submissions where he attempted to slime Debtor as a convicted and escaped capital murderer, a wife-beater, a child abductor, and other frauds. Even an ignorant, pro se litigant sees Culpepper intentionally ignores all sense of proportion and logic to carelessly plead with utter disregard for the Court's time and integrity, other Creditors' rights, and due process. Shamelessly, Culpepper again ignores his responsibility to the Court to file competent, measured pleadings, intends the Court to perform that duty for him, and consistently employs the abusive practice to so exhaust the Court's patience with his abuse that it will look for any way to whisk the case off its docket; to hell with ethics or a Bar oath.

29. Culpepper knowingly brings false claims and outrageous, distinguished cites to harass and abuse Debtor, delay proceedings, and require Debtor repeatedly disprove a host of knowing falsehoods already argued, decided, and precluded over and over and over again. Debtor's elucidations regarding his sole income, the amount, its source, Debtor's personal assets, personal items, Debtor's serious medical conditions (including CVD, a prior heart attack, multiple operations, neurologic and physical impairments due to a point-blank gunshot to the head, radiation, cancer, balance impairment, and compounding stress due to these prolonged proceedings and provable international libel suborned by Culpepper) have remained staunchly consistent and were timely answered after all Trustee's questions, see transcript, Doc. #134. Culpepper feigns ignorance to intentionally and maliciously punish Debtor since the time for the claims Culpepper belatedly brings here was, among his many other opportunities, at the 30 June 2023 hearing. At the hearing though, Culpepper refused to make any utterance, ask for any explanation why, or object to the Trustee canceling the second half of the 341(a) meeting set for noon that same day…despite the Trustee having had continued the original 341(a) meeting to accommodate Culpepper's refusal to attend or send substitute to the original meeting on 2 June 2023, a 341(a) meeting not attended by any other Creditors, either.

30. Culpepper *has the gall to (again) claim* <u>Debtor</u> *has acted in "bad faith"* despite Debtor's scrupulous and timely compliance in good faith to the best of his ability as a pro se litigant in the bankruptcy process. Culpepper's only basis are his knowing frauds and innuendo. Debtor's actions are starkly incomparable to Culpepper's vexatious hypocrisy, obfuscations, falsehoods, and criminality. Culpepper performed <u>*zero due diligence*</u> but levies redundant, knowingly false filings, allegations he knows are precluded and without foundation, invokes racial invectives, admits to and has undeniably violated numerous ethical, statutory, and procedural requirements, undeniably operates a fee-splitting partnership with Joel Rothman ("Rothman") and PML Process Management Limited ("PML"), the latter based in the Republic of Cyprus, and admits to illegally obtaining Debror's tax information without a signed court order.

31. Culpepper's undenied subpoena fraud, lies of omission, knowing falsehoods, and abuses impede not only the course of this Court's process but are the tip of an ethics ice burg meandering through other U.S. courts. The instant record and that of the S.D. Florida and Nevis' are replete with Culpepper's knowing lies cowardly crafted from behind the protection of legal argument. So too are Culpepper's lies about Debtor in other federal courts, such as Culpepper's sworn affidavit in case 1:22-cv-00741-AJT-WEF, E.D. VA, Voltage Holdings, LLC, et al., v. Veepn Corporation et al., Doc. #9-2, where at page 10, paragraph 31 he perjurers himself, stating:

> *"31. I was lead counsel for Plaintiffs in the case of Millennium Funding, Inc. v. 1701 Mgmt. Ltd. Liab. Co., No. 21-cv-20862-BLOOM/Otazo-Reyes ("1701") in the Southern District of Florida. In 1701 some of the Defendants operated a VPN service (LiquidVPN) and promoted it for piracy as "Popcorn Time VPN"*

*similarly to the present case. See Millennium Funding, Inc. v. 1701 Mgmt. Ltd. Liab. Co., No. 21-cv-20862-BLOOM/Otazo-Reyes, 2022 U.S. Dist. LEXIS 55799, at \*20 (S.D. Fla. Mar. 25, 2022). To enforce the money judgment, I served a subpoena on LiquidVPN's payment provider PayPal. The transaction records show that after the Defendants in 1701 were served, **the primary operator (Mr. Muszynski)**, who resides in Saint Kent and Nevis, **completely abandoned the LiquidVPN business and transferred thousands of dollars out of LiquidVPN's PayPal account and into his account in Nevis even while continuing to accept subscription payments for the defunct service."** (emphasis added)*

The bold statements are all knowing falsehoods. Notably, Culpepper admits, contrary to his filings here and in S.D. FL, that he _knew_ Debtor lives in St. Kitts and Nevis. Culpepper sworn affidavit was made in aid to hoodwink the Virginia court into furthering his pecuniary scheme against Veepn Corporation. Just as the convicted felons formerly behind Prenda Law's racketeering or a respectable thief like a cat burglar, Culpepper conceals the size and volume of his abuse by spreading it among far-flung jurisdictions, lest the authorities catch on to his frauds. Not until Judge Otis Wright caught on to Prenda Law were Culpepper's colleagues referred for criminal investigation – after years of running a similar scheme.

32. Debtor respectfully suggests disqualification is a minimum remedial action to cleanse the proceedings of Culpepper's presence and the continuation of his extensive, admitted, undenied, and stunningly unethical actions in which he and Rothman have been motivated to engage due to their undenied pecuniary interests. Action is ripe for pretrial decision as it will streamline both the bankruptcy and adversarial proceedings, avoid mid-trial delays, and substantial corroborating evidence is at hand. A "conspiracy" under Rule 801(d)(2)(E) is rooted in common law principles of agency, not criminal law, under which persons who "associate themselves together in the prosecution of a common plan or enterprise" become a partnership "so that the act or declaration of one, in furtherance of the common object, is the act of all, and is admissible as primary and original evidence against them." Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 249 (1917); see also Musaibli, 42 F.4th at 617. Like Prenda Law's John Steele and Paul Hansmeier (their third partner drank himself to death before conviction), Rothman and Culpepper should be dispossessed of their arrogant belief that the U.S. justice system has two tiers, one for little people and one for "lawyers". And both should be referred for disciplinary and criminal investigation and to their respective Bars.

33. Debtor reviewed applicable rules and precedents in Google Scholar to respond to the Court's sua sponte Order, Doc. #172 and could find no precedents for the instant matter. Debtor suspects "Rule 1009. Amendments of Voluntary Petitions, Lists, Schedules and Statements" may provide the reason why:

"*(a) General Right To Amend. A voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed. The debtor shall give notice of the amendment to the trustee and to any entity affected thereby. On motion of a party of interest, after notice and a hearing, the court may order any voluntary petition, list, schedule, or statement to be amended and the clerk shall give notice of the amendment to entities designated by the court.*"

And (in part):

> *"Notes of Advisory Committee on Rules—1983; The rule does not continue the provision permitting the court to order an amendment on its own initiative. Absent a request in some form by a party in interest, the court should not be involved in administrative matters affecting the estate."*

34. As respectfully as an ignorant pro se litigant might address a Chief U.S. Judge, it appears that a party in interest must bring a motion and that the Court should not be involved in administrative matters affecting the Estate. If a party in interest had brought a motion, a hearing must be held, after which the Court may decide if Debtor must amend schedules at that time (too, Debtor found no precedents relating to post-distribution cases, either), this is not the case in the instant matter.

35. The 28 February 2028 sua sponte hearing was a status hearing, was not initiated by a party in interest and Debtor clarified at the outset of his appearance these facts to ensure he understood how to conduct himself. Debtor was surprised at the gracious amount of time he was permitted to address his case, and it was confirmed by the Court, see transcript, Doc. #177, page 3, line 24 to page 4, line 13 that that was the purpose of a status hearing, to review and/or amend Debtor's Schedules. Even if Culpepper's proven falsehoods and omissions were taken at face value during the hearing (and despite all the pending allegations for his unethical actions), absent a party in interest moving for a hearing, requiring Debtor amend existing Schedules already reviewed for over ten months by two trustees and after the Estate was already distributed on 23 August 2023 appears, respectfully, improper. The trust(s) were determined outside the bankruptcy Estate. Debtor respectfully and timely complied nonetheless and filed the changes ordered by the Court, providing additional information as Ordered in good faith. Debtor respectfully submitted everything despite the rule saying it is improper.

WHEREFORE, Debtor respectfully requests the alleged "movie company" Creditors' Motion for Leave to Reply be struck from the record in its entirety pursuant to Rule 12(f) of the FRCP and D. PR Rules as the pleading is redundant, immaterial, impertinent, and scandalous, contains proven falsehoods, precluded matters already adjudicated in prior hearings, innuendo based on misrepresentations and incomplete contexts by the alleged "movie company" Creditors' "lawyer" and partner, Kerry Culpepper. The motion is per se vexatious and brought against a background of proven falsehoods and knowingly made omissions to conceal by Culpepper and ignores the fact that Debtor undeniably, timely cooperated and communicated with the Court and two Trustees throughout the proceedings, that the Estate was administered and found without assets, distributed without any objection(s). Should the Court consider that dismissal of Debtor's proceedings, Debtor requests an evidentiary hearing but otherwise would consent to the Court acting without a hearing to strike Culpepper's motion from the Docket. Debtor is anxious to commence production, discovery, address automatic stay violations, and move on to the serious matters suggested in the Court's Order, Doc. #172.

Debtor respectfully asks: what does it say when an ignorant pro se debtor, devoid of funds for representation, doing his best to respectfully and timely comply with every unknown and myriad Court processes while, at the same time, Officers of the Court, sworn to uphold the Constitution, Laws, and Rules within U. S. Court proceedings and supposedly held to a "high standard" while they aggressively and _honestly_ provide _client representation_, instead pawned their oath and disgrace their honor and that of the Court in order to pursue their personal pecuniary interests for rewards based, not on equity measured by the Court but on their smug, cowering motion practices shielded by their "license" to use courts to lie, defraud, libel, and vexatiously abuse while simultaneously defaming and disrespecting the very dignity of a court system they were supposedly sworn to uphold in the first place, with malice aforethought?

## CERTIFICATE OF SERVICE

The undersigned states that the Claim herein was served upon the parties/entities named above by way of the Court's CM/ECF system on the date below subsequent to its portal delivery to the Court's physical location in Old San Juan, Puerto Rico as of the date indicated below.

2 April 2024
Respectfully submitted,

Charles Muszynski, pro se
usfilefolder@protonmail.com
P. O. Box 1423
Basseterre
St. Kitts and Nevis
West Indies

**EXHIBIT 1**

**23-02870 Muszynski Ch. 7**

**ORDER DENYING DEBTOR'S APPLICATION FOR EXTENSION**

**OF TIME TO MEE**

**T CREDIT COUNSELING REQUIREMENT**

**(2 Pages, including cover sheet)**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN  DIVISION



**EOD**

05/12/2023

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| Charles Muszynski | § | Case No. 23-90112 |
| xxx-xx-1273 | § | |
| 2810 US Highway 190 West, #100 | § | |
| Livingston, TX 77351 | § | |
| | § | |
| Debtor | § | Chapter 7 |

### ORDER DENYING DEBTOR'S APPLICATION FOR EXTENSION OF TIME TO MEET CREDIT COUNSELING REQUIREMENT

ON THIS DATE the Court considered the request for waiver of the credit counseling requirement contained in the voluntary petition filed by the above-referenced *pro se* Debtor, Charles Muszynski.  The voluntary petition form provides specific instructions that debtors choosing to seek a temporary waiver of the credit counseling requirement, including a directive to "attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case."  No separate explanation was provided by Debtor, and 11 U.S.C. § 109(h)(3)(A) does not authorize this Court to extend the time for compliance with this requirement unless the prerequisites stated therein are met, including that a request for credit counseling services was actually made but could not be fulfilled prior to the filing of the petition.  The request contained in the voluntary petition, without more, does not satisfy those prerequisites.  Because the Debtor failed to provide sufficient justification to merit a temporary waiver of the requirements imposed by 11 U.S.C. §109(h), the Court finds that just cause exists for entry of the following order. Accordingly,

**IT IS THEREFORE ORDERED** that Debtor should fulfill the credit counseling requirement immediately but in any case not later than **Friday, May 26, 2023**.  If such requirement is fulfilled prior to this date, the Court would hope that parties in interest would elect to waive this eligibility issue in light of Debtor's *pro se* status, thereby avoiding a possible pointless re-filing and the necessity of conducting a stay continuation hearing.

**IT IS FURTHER ORDERED** that the request for waiver of the credit counseling requirement contained in the voluntary petition filed by the above-referenced Debtor, Charles Muszynski, on May 11, 2023, is otherwise **DENIED**.

Signed on 05/12/2023

_____

THE HONORABLE JOSHUA P. SEARCY
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 2**

**23-02870 Muszynski Ch. 7**

**CERTIFICATE OF COUNSELING COMPLETION**

**(2 Pages, including cover sheet)**

FILED
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF TX

2023 JUN -2 PM 1: 11

CLERK, U.S. BANKRUPTCY
COURT

BY_____DEPUTY

Certificate Number: 03621-TXE-CC-037426385



03621-TXE-CC-037426385

# CERTIFICATE OF COUNSELING

I CERTIFY that on <u>May 13, 2023</u>, at <u>11:26</u> o'clock <u>AM EDT</u>, <u>Charles Muszynski</u> received from <u>Credit Card Management Services, Inc. d/b/a Debthelper.com</u>, an agency approved pursuant to 11 U.S.C. 111 to provide credit counseling in the <u>Eastern District of Texas</u>, an individual [or group] briefing that complied with the provisions of 11 U.S.C. 109(h) and 111.

A debt repayment plan <u>was not prepared</u>. If a debt repayment plan was prepared, a copy of the debt repayment plan is attached to this certificate.

This counseling session was conducted <u>by internet</u>.

Date: <u>May 13, 2023</u>          By:   <u>/s/Nicola ButtsWimpel</u>

                                 Name:  <u>Nicola ButtsWimpel</u>

                                 Title:  <u>Credit Counselor</u>

* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy Code are required to file with the United States Bankruptcy Court a completed certificate of counseling from the nonprofit budget and credit counseling agency that provided the individual the counseling services and a copy of the debt repayment plan, if any, developed through the credit counseling agency. *See* 11 U.S.C. 109(h) and 521(b).