RECEIVED AND FILED
PRO SE UPLOAD TOOL
04/08/2024 - 5:25 PM
USBC
(WRT)

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | Case No. 23-02870-MCF7 |
| | Chapter 7 |
| CHARLES MUSZYNSKI | |
| | **MOTION REQUESTING CLARIFICATION FOR REPORT OF NO DISTRIBUTION OR ALTERNATIVELY REQUIRING TRUSTEE FILE UNDER 11 U.S.C. § 521** |
| _____ | |

**14 DAY NEGATIVE NOTICE**

**Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve, and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.**

**MOTION REQUESTING CLARIFICATON OF REPORT OF NO DISTRIBUTION
OR ALTERNATIVELY REQUIRING TRUSTEE FILE UNDER 11 U.S.C. § 521**

**TO THE HONORABLE COURT:**

COMES NOW, Chapter 7 Debtor, pro se, and submits this Motion Requesting Trustee Comply With 11 U.S.C. § 521(a)(1), and respectfully states as follows:

1. Debtor redundantly reviews filings out of necessity to respond to a vexatious menagerie of alleged "movie company" Creditor filings. While doing so, Debtor discovered what he believes was an overlooked filing by Trustee, specifically, statements "*required*" pursuant to §521(i)(2). Debtor respectfully attempted to contact the Trustee multiple times by phone after emailing the Trustee on 7 March 2024 regarding Debtor's concerns about the filing, see "Exhibit 1", wherein Debtor asked why a "*required*" statement had not yet appeared on the Docket, in part stating:

> *"I tired calling from a google voice number and it rang through but there was no voicemail. I'll try again later today or tomorrow.*
>
> *I was hoping to briefly ask you to* (two-sic) *questions:*
>
> *I've started reading Judge Caban's Order and related procedures and discovered this lanugage (sic) re-garding timely notice of the Trustee per Section 521(a)(1).....";*

*and,*

***"A chapter 7 trustee is required to file this statement no later than the deadline set by the court for filing complaints objecting to discharge***. (emphasis added)

*I searched the docket as best I can in my records and on Court Listener but cannot find any such filing. Has it been made and I'm simply not seeing it or is there something preventing it being filed?*"

2. Debtor subsequently followed up by phone several times and reached the Trustee today, 8 April 2024 at 10:13 a.m. and discussed this and other issues for fifteen (15) minutes. At first, the Trustee thought I was calling to again inquire if he had all the information necessary and objected, stating that he did not need any more information. As we talked, Debtor more clearly explained the question had to do with a "required" reporting requirement per Section 521. Debtor never filed bankruptcy before and is admittedly ignorant of the processes and procedures. When Debtor questioned why a subsequent report under Section 521 was not issued after the preliminary Report of No Distribution, the Trustee stated the Report of No Distribution <u>was the required the Report filed on 23 August 2023.</u> The Trustee said that that Report fully met all the 521 requirements and confirmed it twice. Debtor, questioning it a third time, heard the Trustee confidently state again, after Debtor questioned Truste's statements, that the 23 August 2023 was all the Report required. Debtor respectfully disagreed, and based on his readings that, to Debtor, indicate another report is "required", Debtor believes a subsequent notice should be filed after the bar date expired without any objections being filed by creditors or parties in interest. Debtor mentioned he may file this motion asking for clarification that might further require the Trustee file a second report, assuming Debtor's interpretation of Section 521's requirements hold merit; this Motion ensued. The Trustee did not oppose Debtor filing this motion because the Distribution of the Estate and the Report of that distribution made on 23 August 2023 states the Trustee was satisfied with Debtor's financial affairs.

3. For background, on 23 August 2023, the day after the 22 August 2023 sua sponte evidentiary hearing, the Trustee filed the electronic Report of No Distribution for the Estate, in total stating:

*"Ch. 7 Trustee's Report of No Distribution: I, Stephen J. Zayler, having been appointed trustee of the estate of the above−named debtor(s), report that I have neither received any property nor paid any money on account of this estate; **that I have made a diligent inquiry into the financial affairs of the debtor**(s) and the location of the property belonging to the estate; **and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above−named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee.** Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: **This case was pending for 3 months.** Assets Abandoned (without deducting any secured claims): $ 0.00, Assets Exempt: $ 12230.00, Claims Scheduled: $ 471322979.53, Claims Asserted: Not Applicable, **Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): $471322979.53**. Filed by Stephen J. Zayler (Zayler, Stephen) (Entered: 08/23/2023)"* (emphasis added)

4. The Trustee's electronic Report was entered to provide any Creditor or interested party an opportunity and time to object to the Trustee's findings and required timely objections be made no more than 45 days after the Report's filing.

5. No creditor or party in interest timely objected to the Trustee's Report prior to the bar date. No creditor or party in interest objected after the Trustee's Report's bar date pursuant to § 521.

6. On the same date as Trustee's Report of No Distribution, this Court issued Doc. #81, ORDER GRANTING TRUSTEE'S MOTION TO EXTEND TIME TO FILE COMPLAINT TO DETERMINE DISCHARGEABILITY/COMPLAINT OBJECTING TO DISCHARGE stating on page 2:

> *"IT IS THEREFORE ORDERED that the Motion to Extend Time to File Complaint to Determine Dischargeability / Complaint Objecting to Discharge" filed by Chapter 7 Trustee, Stephen Zayler, is hereby GRANTED and that the deadline to object to discharge under 11 U.S.C. § 727 or to the dischargeabilty of any debt under 11 U.S.C. § 523 is hereby extended until Monday, October 23, 2023, for all creditors, parties-in-interest, any Chapter 7 Trustee, and the U.S. Trustee."*

The Court did not extend the time to file complaints objecting to dischargeability or objecting to discharge pursuant to Section 521; the original bar dates applied.

7. Per §521(a)(1), if no creditor or party in interest objects to the Trustee's Report, "*The trustee **must file** an electronic statement with the court that provides…*" that meets with the requirements in §521(a)(1) and do so subsequent to Trustee satisfactorily administering the Estate and filing his Report of No Distribution. Specifically, the Truste "*must*" file after:

> *"An assigned trustee must review each case to determine whether **the debtor has complied with all filing requirements set forth in 11 U.S.C. §521(a)(1) to the trustee's satisfaction**. The **trustee must file an electronic statement with the court that provides**:*
>
> ***No creditor or other party in interest has filed a request for an order of dismissal pursuant to 11 U.S.C. §521(i)(2) and the trustee does not believe that this case is subject to automatic dismissal pursuant to 11 U.S.C. §521(i)****"* (emphasis added).

8. Section 521(i)(2) also "*requires*" a Trustee state, subsequent to filing the Report of No Distribution that:

> *"**The information required by 11 U.S.C. §521(a)(1) as provided by the debtor(s) in this case is complete to the satisfaction of the trustee. No creditor or other party in interest has filed a request for an order of dismissal pursuant to 11 U.S.C. §521(i)(2) and the trustee does not believe that this case is subject to automatic dismissal pursuant to 11 U.S.C. §521(i).**"* (emphasis added)

9. The clock started for objections after the Trustee's filing, terminating forty-five (45) days later on 7 October 2023. No objections from any party in interest or creditors were made and no objections under §521 were made *after the bar date* by any creditor or party in interest. As of this filing on 8 April

2024, no party in interest or creditor have objected to Debtor's discharge under §521, 137 days after the Trustee's Report was entered.

10. 11 U.S.C. §521(i)(1) clarifies Debtor's status after a Trustee files a Report of No Distribution that subsequently fails to draw objection from any party in interest or creditor, stating:

. "*(i)(1) Subject to paragraphs (2) and (4) and notwithstanding section 707(a), **if an individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition**.*"

*Debtor's case was not dismissed*. All testimony of the Trustee, the Debtor's before the Court, and the Court's verbal pronouncements and written Orders in hearings and papers confirm Debtor's timely compliance with every request and response to every question from the Court and/or Trustee.

11. Trustee, confident in this foundation, entered the Report of No Distribution on 23 August 2023, the day after the evidentiary hearing determining Debtor qualified as a Debtor. At no time at the evidentiary hearing on 22 August 2023, at the preliminary hearing on 30 June 2023, at the 341(a) meeting on 2 June 2023, at the subsequent hearing on 28 February 2024, or in any papers was any objection or question raised regarding Debtor's timely and full compliance claiming Debtor failed to fulfill any provision under §521.

12. As Debtor provided all information required by and to the satisfaction of the Trustee per §521(a)(1) within 45 days after the date of the filing of Debtor's petition on 11 May 2023 (notably – almost a *year* ago), *Debtor's case was not automatically dismissed on the 46th day after the filing of the petition*, on 26 June 2023, i.e., four days before a preliminary hearing the Court sua sponte called to specifically address Debtor's qualification *and at which the alleged "movie company" Creditors' lawyer, Kerry Culpeper ("Culpepper") attended but offered no objection(s) under §521, sitting in silence*.

13. Further, 11 U.S.C. §521(i) clarifies Debtor's status in the instant matter, stating:

"*(i)(2) Subject to paragraph (4) and with respect to a case described in paragraph (1), **any party in interest may request the court to enter an order dismissing the case. If requested, the court shall enter an order of dismissal not later than 7 days after such request**.*

*No Party in Interest requested the Court enter an order dismissing the case despite the Court, in open hearings, specifically inviting all parties to enter filings at their pleasure*. Had an objection been entered and were granted, it must have occurred no later than 1 July 2023. Of note, after the preliminary hearing, a sua sponte evidentiary hearing was held fifty-two (52) days later, 23 August 2023.

14. *Debtor timely and fully complied to the Trustee's and the Court's satisfaction* with his responses as required under § 521 as Debtor's case was not dismissed by 26 June 2023.

15. *Debtor timely and fully complied with all requirements of the Court and the Trustee to the extent that the Trustee filed a Report of No Distribution on 23 August 2023*, long after any bar date for objection by any party, the Trustee, or sua sponte action by the Court (prompted by Culpepper's fraudulent filings in the 28 February 2024 hearing).

16. Debtor unquestionably, timely, and fully complied with all requirements, requests, instruction, and document productions required by the Court and/or the Trustee, the Trustee filed a Report of No Distribution on 23 August 2023 and, no objections being timely made to the Report, the Trustee is, according to Debtor's interpretation, "*required*" to make another electronic report including language pursuant to §521(i)(2) where the Trustee is "*required*" to file and state:

> "*The information required by 11 U.S.C. §521(a)(1) as provided by the debtor(s) in this case is complete to the satisfaction of the trustee. No creditor or other party in interest has filed a request for an order of dismissal pursuant to 11 U.S.C. §521(i)(2) and the trustee does not believe that this case is subject to automatic dismissal pursuant to 11 U.S.C. §521(i).*" (emphasis added)

17. In the pertinent sections' entirety, Section 521 states:

> "*(i)(1)
> Subject to paragraphs (2) and (4) and notwithstanding section 707(a), if an individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition.
> (2)
> Subject to paragraph (4) and with respect to a case described in paragraph (1), any party in interest may request the court to enter an order dismissing the case. If requested, the court shall enter an order of dismissal not later than 7 days after such request.*"

18. The language in Section 521(a)(2) requires Trustee's compliance with timelines that, in Debtor's estimation, respectfully, poignantly regard pending motions and responses before the Court and the Court's sua sponte Order to Debtor (Doc. #172) and Debtor's reply thereto.

> "*(2) if an individual debtor's schedule of assets and liabilities includes debts which are secured by property of the estate—*
>
> *(A) within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property; and*
>
> *(B) within 30 days after the first date set for the meeting of creditors under section 341(a), or within such additional time as the court, for cause, within such 30-day period fixes, perform his intention with respect*

*to such property, as specified by subparagraph (A) of this paragraph; except that nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title, except as provided in section 362(h)"*

WHEREFORE, in the event an inadvertent discrepancy of interpretation between Debtor and Trustee is resolved by the Court and determines the Trustee was "required" to file and declare a concluding Report with language in §521, Debtor respectfully requests that the Court instruct the Trustee to immediately file as required pursuant to Section 521 and to do so while comport with the language in Section 521 given Debtor's unchallenged, timely, and complete compliance, then properly consider these facts subsequent to the Trustee's timely and proper administration being carried out and final report being filed.

## CERTIFICATE OF SERVICE

The undersigned states that the Claim herein was served upon the parties/entities named above by way of the Court's CM/ECF system on the date below subsequent to its portal delivery to the Court's physical location in Old San Juan, Puerto Rico as of the date indicated below.

8 April 2024
Respectfully submitted,

Charles Muszynski, pro se
usfilefolder@protonmail.com
P. O. Box 1423
Basseterre
St. Kitts and Nevis
West Indies

# EXHIBIT 1

## 23-02870 Muszynski Ch. 7

### COPY OF EMAIL TO TRUSTEE RE: 521 FILING REQUIREMENT

**(3 Pages, including cover sheet)**

# 23-02870 Muszynski - Question on filing report per 521(a)(1)

| | |
|---|---|
| From | usfilefolder <usfilefolder@protonmail.com> |
| To | romanchpt7@gmail.com |
| Date | Thursday, March 7th, 2024 at 11:54 AM |

Bueno tarde Sr. Valentin:

I tired calling from a google voice number and it rang through but there was no voicemail. I'll try again later today or tomorrow.

I was hoping to briefly ask you to questions:

1) I've started reading Judge Caban's Order and related procedures and discovered this lanugage regarding timely notice of the Trustee per Section 521(a)(1):

An assigned trustee must review each case to determine whether the debtor has complied with all filing requirements set forth in 11 U.S.C. §521(a)(1) to the trustee's satisfaction. The trustee must file an electronic statement with the court that provides:

"The information required by 11 U.S.C. §521(a)(1) as provided by the debtor(s) in this case is complete to the satisfaction of the trustee. No creditor or other party in interest has filed a request for an order of dismissal pursuant to 11 U.S.C. §521(i)(2) and the trustee does not believe that this case is subject to automatic dismissal pursuant to 11 U.S.C. §521(i)."

A chapter 7 trustee is required to file this statement no later than the deadline set by the court for filing complaints objecting to discharge.

I searched the docket as best I can in my records and on Court Listener but cannot find any such filing. Has it been made and I'm simply not seeing it or is there something preventing it being filed?

2) I have documentation, undenied, that Culpepper is in a fee-splitting arrangement with PML Process Management Limited based in the Republic of Cyprus. Their website is here: https://processmanagement.global/ They're a third-pary litigation funding company and in his filings, Culpepper admits they are his client, not the alleged "movie company" creditors. Is it legal for a collection lawyer in the US to fee-split with a foreign investor and to conceal the litigant from the underlying judgment court and the bankrutpcy court while it, in fact, directs all activity in the case?

Sorry to bother you with this but, based on my readings, it says that the Trustee is responsible for protecting the Estate, regardless whether from unethical debtors or scheming creditors so I figured I'd start by asking you. SInce Culpepper has not denied it, and accepted service on PML's behalf, and has filed

two 7007.1s (at the BAP and one adversarial but not in the bankruptcy), it appeared to me that concealment of a Creditor and primary litigant might be a large problem.

Gracias,

Charles Muszynski