IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                          CASE NO. 23-02870 (MCF)

CHARLES MUSZYNSKI                               CHAPTER 7

    Debtor

### OPINION AND ORDER

The Court ordered the chapter 7 Debtor, Mr. Charles Muszynski's ("Debtor"), to show cause as to why the case should not be dismissed for two reasons; first, for his ineligibility to be a debtor in a bankruptcy case, pursuant to 11 U.S.C. § 109(h) and second, for Debtor's failure to fully disclose his financial resources as required by the Bankruptcy Code, pursuant 11 U.S.C. § 521. Having considered Debtor's response to the orders to show cause and related motions, we conclude that the instant case should be dismissed for the reasons set forth below.

### Relevant Procedural History

On May 11, 2023, Debtor filed a pro se bankruptcy case under chapter 7 at the Bankruptcy Court for the Eastern District of Texas ("Texas Bankruptcy Court"). His petition did not include the credit counseling certificate required by 11 U.S.C. §§ 109(h)(1) and 521(b)(1).

In the voluntary petition, Debtor certified that he asked for credit counseling services from an approved agency but was unable to obtain the same during the 7 days after he made the request and that exigent circumstances merited a 30-day temporary waiver of the requirement. The voluntary petition form specifically instructs debtors in a bankruptcy case who ask for a 30-day temporary waiver of the requirement, to "**attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case**." (emphasis added) Debtor failed to include such a document with his petition.

-1-

With the petition, Debtor filed schedules containing inaccurate and/or incomplete information such as:[1] i) executory contracts or unexpired leases were informed, but failed to disclose the persons or companies with whom he had the contracts, the address of said persons or companies and to state what the contracts or leases were for; ii) the Debtor disclosed that he was a beneficiary of a trust, but failed to disclose any information of the trust; iii) the Debtor only disclosed one trust even though he is beneficiary of two trusts and income information regarding each trust was never disclosed nor their respective values; iv) the Debtor informed to have been an officer, director, or managing executive of a corporation within four years before the bankruptcy filing but failed to disclose the identity of any business; v) the source and amount of income received by him during the year that the petition was filed and the two previous calendar years was failed to be disclosed; and vi) the Chapter 7 Statement of Your Current Monthly Income form was filed with zero income.

The day after the filing of the petition, on May 12, 2023, the Texas Bankruptcy Court issued an order denying Debtor's application for extension of time to meet credit counseling requirement. Docket No. 5. In the order, the Texas Bankruptcy Court expressed that the Voluntary Petition provides specific instructions for debtors choosing to seek a temporary waiver of the credit counseling requirement; including a directive to "attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case." Id. The Texas Bankruptcy Court further explained that no separate explanation was provided by Debtor and that 11 U.S.C. § 109(h)(3)(A) does not authorize a court to extend the time for compliance with the requirement unless the prerequisites above enumerated were met, including that a request for credit counseling services was actually made, but could not be fulfilled prior to the filing of the petition.

In the same order, the Texas Bankruptcy Court granted Debtor until May 26, 2023, to fulfill the credit counseling requirement. In doing so, the court expressed that "[i]f such

---

[1] Debtor disclosed assets in the amount of $12,230.00, a domestic support obligation ("DSO") claim in the amount of $1,322,980.00 and a default judgment against him and in favor of multiple parties in the amount of $15,000,000.00.

requirement is fulfilled prior to this date, the Court would hope that parties in interest would elect to waive this eligibility issue in light of Debtor's pro se status, thereby avoiding a possible pointless re-filing and the necessity of conducting a stay continuation hearing." On June 2, 2023, Debtor filed a "Certificate of Counseling" dated May 13, 2023. Docket No. 18.

On June 30, 2023, the Texas Bankruptcy Court conducted a preliminary hearing on a "Motion for Relief from Automatic Stay" filed by Kerry S. Culpepper, a creditor, and joined by other parties. Pursuant to the information that transcended during the hearing,[2] on July 5, 2023, the Texas Bankruptcy Court issued a sua sponte order to show cause as to why the case should not be dismissed for lack of eligibility, pursuant 11 U.S.C. § 109(a)[3] or alternatively, as to why venue should not be transferred under 28 U.S.C. § 1408.[4] Docket No. 41.

Debtor filed a response to the order to show cause on July 31, 2023, in which he asserted that he qualifies as a debtor, pursuant 11 U.S.C. § 109(a) because he had a bank account in Texas and furniture in Puerto Rico. Docket No. 56.[5] On even date, Debtor filed a motion requesting that the case be transferred to the Bankruptcy Court for the District of Puerto Rico; deeming it as the most qualified venue according to Bankruptcy Rules and procedures since the majority of his tangible and intangible property underlying his application are situated here. Docket No. 58. Subsequently, on August 23, 2023, the Texas Bankruptcy Court issued an order transferring the case to us. Docket No. 79.

---

[2] The court expressed that it appears that "Debtor does not reside, have a domicile, nor a place of business in the United States. At best, Debtor may have 'property in the United States." Docket No. 41 at 2. As per Debtor's testimony, he resides in Nevis, St. Kitts & Nevis, WI.

[3] 11 U.S.C. § 109(a) provides that "only a person that resides or has a domicile, a place of business, or property in the United States, or a municipality, may be debtor" under title 11.

[4] 28 U.S.C. § 1408 provides that "a case under title 11 may be commenced in the district court for the district – (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district; or (2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership."

[5] In the motion, Debtor informs that he "has corrected his assets matrix to reflect tangible household property remaining in Fajardo, Puerto Rico worth approximately $2,100.00". Docket No. 56 at 2. Debtor filed the amendments on July 12, 2023. Docket No. 46.

On September 12, 2023, this court received the transferred case from the Texas Bankruptcy Court. After various procedural matters, this court scheduled a status conference for February 28, 2024. Docket Nos. 91 and 142. At the status conference, upon a review of the docket and the information proffered and discussed, the court ordered the following:

> Debtor is ordered to show cause, within 28 days, as to why the case should not be dismissed for Debtor's failure to fully disclose his financial resources, as required by the Bankruptcy Code pursuant to 11 U.S.C. §521. The Debtor is further ordered to file: (1) an Amended Voluntary Petition disclosing his current residential address; (2) Amended Schedule A/B disclosing the following information in question number twenty-five (25): the name of the trust, the trust tax ID number (EIN), the trust address, the date in which the trust was created, who created the trust, how the trust is funded, details of the trust's assets, the name of the trustee or trustees and their addresses; (3) Amended Statement of Financial Affairs providing the complete information required in questions five (5) and question number twenty-seven (27). The Debtor's failure to comply with this order completely may result in the dismissal of the case.

> The Debtor is also ordered to show cause, within 28 days, as to why the case should not be dismissed for lack of eligibility to be a debtor pursuant to 11 U.S.C. §109(h). Docket No. 172.

Regarding his eligibility to be a debtor, the Debtor replied by asserting that he "timely paid and completed the preliminary credit counseling course" and submitted a copy of a credit counseling certificate dated May 13, 2023.[6] Docket No. 174. Debtor made no reference to the timing requirements for the credit counseling briefing pursuant 11 U.S.C. § 109(h)(1) nor to the waiver requirements pursuant 11 U.S.C. § 109(h)(3).

With respect to the court's order to file amended documents and indicate why the case should not be dismissed for failure to disclose his financial resources, the Debtor amended his voluntary petition, schedules A/B, and statement of financial affairs. Docket No. 178. Then, a few days later, the Debtor filed a response to the order to show cause asserting that he had complied with the court's order by filing the amended documents. Docket No.179.

---

[6] Previously, on February 28, 2024, Debtor filed a motion alleging compliance with his credit counseling requirement, but failed to attach a pre-petition credit counseling certification.

-4-

<u>Legal Analysis and Discussion</u>

Before evaluating whether Debtor complied or not with any other provision of the Bankruptcy Code, we first analyze if Debtor is eligible to be a Debtor in a bankruptcy proceeding, pursuant to 11 U.S.C. § 109(h).

A. <u>Section 109(h) Requirements</u>

Section 109(h)(1) sets out the pre-petition counseling requirement; it provides that:

> "… an individual **may not be a debtor** under this title unless such individual has, **during the 180-day period <u>ending</u> on the date of filing of the petition by such individual**, received from an approved nonprofit budget and credit counseling agency . . . an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis." 11 U.S.C. § 109(h)(1) (emphasis added).

Pursuant Section 109(h)(1), "an individual may not be a debtor in a bankruptcy case unless,  within the 180-day period **prior to the filing of the bankruptcy petition**, the individual has received an individual or group briefing from an approved nonprofit budget and credit counseling agency as described in 11 U.S.C. § 111(a) (the "Credit Counseling Requirement").". <u>In re Prater</u>, 445 B.R. 424, 428(Bankr. E.D. Pa. 2010) (emphasis added). <u>See Taal v. Sumski (In re Taal)</u>, 504 B.R. 682, 684-685 (BAP 1st Cir. 2014) ("… debtors must take the required credit counseling course within 180 days **prior to the petition date** and must file a certificate of compliance within 14 days of filing the petition.") (emphasis added).

Section 109(h)(3) provides for an exception to the credit counseling requirement. Pursuant to said subsection, a debtor may obtain a temporary deferral of the requirement to file a credit counseling certificate (up to 45 days), if the debtor submits a certification that: (i) describes exigent circumstances that merit a waiver of the [credit counseling requirement]; (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services . . . during the 7-day period beginning

on the date on which the debtor made that request; and (iii) is satisfactory to the court. To qualify for the exigent circumstance's exception, a debtor must satisfy all three elements. Taal), 504 B.R. at 685 (making references to In re Fiorillo, 455 B.R. 297, 302 (D. Mass. 2011); In re Falcone, 370 B.R. 462, 465 (Bankr. D. Mass. 2007)) (emphasis added).

Debtor in the present case did not meet the requirements that would have entitled him to a temporary waiver to the pre-petition credit counseling requirement, pursuant to 11 U.S.C. § 109(h)(3). Debtor failed to submit with the bankruptcy petition the required certification describing the exigent circumstances that merited a temporary waiver of the requirement. Although Debtor certified that he asked for credit counseling services from an approved agency but was unable to obtain those services during the seven days after he made the request, he failed to explain the efforts made to obtain credit counseling prior to filing for bankruptcy and the reasons for which he was unable to obtain the credit counseling before the petition date.

In response to the order to show cause as to why the case should not be dismissed for lack of eligibility to be a debtor, pursuant to 11 U.S.C. §109(h)(1), Debtor's only response is that he timely paid and completed the preliminary credit counseling course on May 13, 2023. As per Debtor's allegation and the certificate of credit counseling filed, Debtor obtained credit counseling on May 13, 2023, which is two days after the petition date. Thus, Debtor did not comply with the requirement of receiving a briefing from an approved credit counseling agency within the 180 days period before his filing of the bankruptcy petition.

Given that Debtor did not meet the credit counseling requirement under § 109(h)(1) nor the requirements for a temporary waiver under § 109(h)(3), he is ineligible to be a Debtor in the present bankruptcy procedure.

B. Disclosure Requirements - Section 521

In addition to not being eligible to be a debtor in the present bankruptcy, Debtor has also failed to comply with disclosure requirements, pursuant to 11 U.S.C. § 521.

The Bankruptcy Code imposes on debtors an affirmative duty of full disclosure. Ryan Operations G.P. v. Santiam-Midwest Lumber Co., 81 F.3d 355, 362 (3rd Cir. 1996). To obtain the benefits of bankruptcy and achieve a fresh start, debtors are tasked with an unavoidable duty and expectation of forthright disclosures. Roberts v. Vara (In re Roberts), 2024 Bankr. LEXIS 1088 (Bankr. W.D.PA. 2024)(making reference to In re White, 618 B.R. 748, 754 (Bankr. E.D.N.C. 2020)). Section 521(a)(1)(B) requires a debtor to file with the court a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs. These disclosure requirements are crucial to the effective functioning of the federal bankruptcy system. Ryan Operations, 81 F.3d at 362.

Compliance with § 521 requires that all documents filed by a debtor be accurate and complete. "[I]t is the Debtor's duty to file accurate schedules and value his assets correctly. Fraser v. Citimortgage, Inc. (In re Fraser), 599 B.R. 830, 837 (Bankr. W.D. Pa. 2019). "Debtors have an absolute duty to file complete and accurate schedules." In re Rolland, 317 B.R. 402, 413 (Bankr. C.D. Cal. 2004) ( making reference to Cusano v. Klein, 264 F.3d 936, 946 (9th Cir. 2001)); In re Mohring, 142 B.R. 389, 394 (Bankr. E.D. Cal. 1992). Full and comprehensive disclosure is critical to the integrity of the bankruptcy process. In re Rolland,Id. (making reference to Heidkamp v. Whitehead (In re Whitehead), 278 B.R. 589, 594 (Bankr. M.D. Fla. 2002)) (stating that "the veracity of the debtor's Statement is absolutely essential to the successful administration of the Bankruptcy Code").

At the Status Conference, Debtor was ordered to show cause as to why the case should not be dismissed for failure to comply with § 521. Given the inaccuracy of the Schedules and Statement of Financial Affairs filed by Debtor, the court also ordered Debtor to file amended Schedule A/B and Statement of Financial Affairs to disclose missing information. On March 20, 2024, Debtor filed amended documents and on March 22, 2024, Debtor filed his response to the order to show cause.

On Schedule A/B filed with the petition, Debtor informed that he was "a beneficiary of a trust" but failed to disclose any information about the trust. Consequently, the court ordered

Debtor to disclose: the name of the trust, the trust tax ID number (EIN), the trust address, the date in which the trust was created, who created the trust, how the trust is funded, details of the trust's assets, the name of the trustee or trustees and their addresses.

On March 20, 2024, Debtor filed an amended Schedule A/B which disclosed, for the first time, that he is a beneficiary, of not one but of two trusts, as follows 1) F.A. Hayek Irrevocable Settlement Trust, created by Rubilee Muszynski (Debtor's mother) in year 2009; and 2) Dusko Popov Irrevocable Trust, created by Debtor in year 2019. As to the information on how the trusts are funded, Debtor limited his disclosure by stating that "[e]ach trust was funded when established." The Debtor omitted disclosure of the amount of funds transferred to each of the trusts upon their creation and their current balance.

In addition, Debtor was ordered to disclose the assets of the trust(s). Debtor failed to comply with this court order and did not provide the required information in Amended Schedule A/B. It is notable to point out that we do not have any information regarding the funds in each of trusts nor their source of income.

Furthermore, on question 19 of the statement of financial affairs, debtors are required to disclose specific information regarding any property transferred within ten (10) years before filing for bankruptcy on any self-settled trust or similar entity in which the debtor is the beneficiary. As revealed in Amended Schedule A/B in response to court order, the Debtor created a trust in year 2019. However, Debtor's original statement of financial affairs nor his amended statement of financial affairs disclose any information in relation to question 19.

In his response to the order to show cause, Debtor asserts that he timely complied with the filing of all schedules and that the filings were discussed and accepted by the chapter 7 Trustee. In support of his assertion, Debtor submitted a copy of the transcript of the 341meeting held on June 2, 2023. Docket No. 176. However, upon review of said transcript, we find that the same does not support Debtor's allegations. In the transcript, the chapter 7 Trustee expresses:

> "But basically what it says is, even if -- even if the trust -- even if
> the trust is not property of the estate because of possible spendthrift
> clause, at this moment I don't know that. And so it -- I'm going to

need to have some information about that to see what that trust is, the name of it, where it's located, the Trustee, beneficiaries, and see if, in fact, it does have a spendthrift clause.

What my intention is to continue this case. It will be four weeks from today. It will be Friday June the 30th, 2023. And it's going to be at 12:00 noon, Central Time.

Again, I will go ahead and continue this case until Friday, June the 30th, 2023 at 12:00 p.m. Central Time." Docket No. 176.

On June 30, 2023, the date in which the continued 341 meeting was supposed to be held, the Texas Bankruptcy Court instead held a preliminary hearing on a Motion for relief from stay. Said court ended up issuing an order to show cause as to why the case should not be dismissed for lack of eligibility, pursuant 11 U.S.C. § 109(a) or alternatively, as to why venue should not be transferred under 28 U.S.C. § 1408.

The case record does not show that the 341 continued for June 30, 2023, nor any other 341 meeting, was ever held. Thus, contrary to what Debtor asserts, Debtor was not examined by the Trustee on the information requested related to the trust(s) of which Debtor is beneficiary.

We conclude that the Debtor has filed incomplete and inaccurate schedules and statement of financial affairs and thus, has failed to comply with his duty of full disclosure pursuant Section 521 of the Bankruptcy Code. Furthermore, Debtor has also failed to fully comply with our court order at the hearing to provide all the required information. For the aforementioned reasons of lack of eligibility to be a bankruptcy debtor, lack of proper disclosure, and failure to comply with a court order, the instant case is dismissed.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 21st day of May, 2024.

_____
MILDRED CABAN FLORES
United States Bankruptcy Judge