IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                      CASE NO. 23-02870 (MCF)

CHARLES MUSZYNSKI

Debtor                                      Chapter 7

## OPINION AND ORDER

This court dismissed the Debtor's bankruptcy case and a notice of appeal followed thereafter (Docket Nos. 185 and 195).  Before the notice of appeal was filed, the Debtor filed a stay pending appeal (Docket No 191).  The same was timely filed pursuant to Fed. R. Bankr. P. 8007(a)(2) which states that the motion may be made either before or after the notice of appeal is filed.

We will consider the stay pending appeal under Fed. R. Bankr. P. 8007. A court has substantial discretion to grant or deny a stay pending appeal on such terms as it may deem appropriate, subject to an abuse of discretion standard of review. In re Target Graphics, Inc., 372 B.R. 866 (Bankr. E.D.Tenn. 2007).  In deciding whether a stay is warranted, a court must consider: "(1) whether the appellant has established a strong showing of likelihood of success on the merits; (2) whether the appellant will be irreparably harmed if the stay is denied; (3) whether a stay will injure the other party; and (4) where the impact on the public interest lies." Elias v. Sumski (In re Elias), 182 F. App'x 3, 4 (1st Cir. 2006) (citing Acevedo-Garcia v. Vera-Monroig), 296 F.3d 13, 16 (1st Cir. 2002). The movant bears the "heavy" burden of satisfying each of the four factors. In re GMC, 409 B.R. 24 (Bankr. S.D.N.Y. 2009).  If a party fails to satisfy any one of the four requirements for a stay pending appeal,

-1-

then the court will be acting within its discretion to deny the stay. In re Dakota Rail, Inc., 111 B.R. 818, 820 (Bankr. D. Minn. 1990). Nonetheless, as expressed by the U.S. District Court for the District of Puerto Rico in a case requesting a stay pending appeal:

> the first two factors 'are the most critical.' Nken v. Holder, 556 U.S. 418, 434 (2009). Because both of these factors 'require a showing of more than mere possibility,' the movants 'must show a strong likelihood of success, and they must demonstrate that irreparable injury will be likely absent . . . [a stay].' Respect Maine PAC v. McKee, 622 F.3d 13, 15 (1st Cir. 2010).

Candelario-Del Moral v. UBS Fin. Servs., 290 F.R.D. 336, 345 (D.P.R. 2013).

**Likelihood of Success on the Merits**

The Debtor is requesting that the bankruptcy court stay the effects of our dismissal order; however, his likelihood of success on the merits is minimal. Given that Debtor did not meet the credit counseling requirement under § 109(h)(1) nor the requirements for a temporary waiver under § 109(h)(3), he is ineligible to be a Debtor in the present bankruptcy procedure.

Additionally, regarding his failure to meet disclosure requirements, we ruled that he had "filed incomplete and inaccurate schedules and statement of financial affairs and thus, has failed to comply with his duty of full disclosure pursuant Section 521 of the Bankruptcy Code. Furthermore, Debtor has also failed to fully comply with our court order at the hearing to provide all the required information." (Docket No. 185 at 9). He now tries to convince the court by repeating the same arguments that lead to the case being dismissed.

After having found that the Debtor failed to satisfy the first requirement that must be considered when faced with a request for a stay pending appeal, the court

need not proceed any further in its analysis. The Debtor's motion to stay pending appeal (Docket No. 191) is denied.

The Debtor also filed a motion to vacate or set aside our dismissal order (Docket No. 193). Upon the Debtor's notice of appeal being filed on June 18, 2024, we no longer have jurisdiction to rule on this motion; however, availing ourselves of Fed. R. Bankr. P. 8008 regarding indicative rulings, we would deny the Debtor's request for reconsideration of our dismissal order because we remain unconvinced that he is eligible to be debtor in bankruptcy nor has he made any attempt to fully disclose his assets or income as required by the Bankruptcy Code. Bankruptcy relief is offered to those who qualify and comply with the requirements of the Bankruptcy Code.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 25 day of June, 2024.

_____
MILDRED CABAN FLORES
United States Bankruptcy Judge