FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## FOR THE FIRST CIRCUIT

---

BAP NO. PR 24-011

---

Bankruptcy Case No. 23-02870-MCF

---

CHARLES MUSZYNSKI,
Debtor.

---

CHARLES MUSZYNSKI,
Appellant,

v.

MILLENNIUM FUNDING, INC., on behalf of itself and as
successor in interest to LF2 Productions, Inc.; VOLTAGE HOLDINGS, LLC;
AMBI DISTRIBUTION CORP., on behalf of itself and as successor in interest to
Paradox Studios, Rupture CAL, Inc., FSMQ Film, LLC, and FW Productions, LLC;
HANNIBAL MEDIA, INC., on behalf of itself and as successor in interest to
I Am Wrath Production, Inc. and Justice Everywhere Productions LLC;
AFTER PRODUCTIONS, LLC; AFTER II MOVIE, LLC;
MORGAN CREEK PRODUCTIONS, INC.;
VOLTAGE PICTURES, LLC, as successor in interest to Bedeviled LLC;
MILLENNIUM MEDIA, INC.; COLOSSAL MOVIE PRODUCTIONS, LLC;
YAR PRODUCTIONS, INC.; MILLENNIUM IP, INC.;
KILLING LINK DISTRIBUTION, LLC; BADHOUSE STUDIOS, LLC;
LHF PRODUCTIONS, INC.; VENICE PI, LLC; RAMBO V PRODUCTIONS, INC.;
MON, LLC; SF FILM, LLC; SPEED KILLS PRODUCTIONS, INC.;
NIKOLA PRODUCTIONS, INC.; WONDER ONE, LLC;
BODYGUARD PRODUCTIONS, INC.; OUTPOST PRODUCTIONS, INC.;
GLACIER FILMS I, LLC; DEFINITION DELAWARE LLC;
HANNIBAL CLASSICS, INC.; DALLAS BUYERS CLUB, LLC;
STATE OF THE UNION DISTRIBUTION AND COLLECTIONS, LLC;
SCREEN MEDIA VENTURES, LLC; 42 VENTURES, LLC;
and
ROBERTO ROMAN VALENTIN, Chapter 7 Trustee,
Appellees.

---

**Before
Cary, Panos, and Katz,
United States Bankruptcy Appellate Panel Judges.**

---

**Charles Muszynski, pro se, on brief for Appellant.
Kerry S. Culpepper, Esq., on brief for All Listed Appellees (Except Roberto Roman Valentin, Chapter 7 Trustee).
No brief filed for Appellee, Roberto Roman Valentin, Chapter 7 Trustee.**

---

**March 7, 2025**

---

**Cary, U.S. Bankruptcy Appellate Panel Judge.**

The bankruptcy court dismissed Charles Muszynski's chapter 7 case on several grounds, including his failure to complete the credit counseling required under § 109(h)(1) within the prescribed period, and Muszynski appealed.[1] For the reasons set forth below, we **AFFIRM**.

## BACKGROUND

### I.  Texas Bankruptcy Court Proceedings

On May 11, 2023, Charles Muszynski (the "Debtor") filed a chapter 7 bankruptcy petition in the U.S. Bankruptcy Court for the Eastern District of Texas (the "Texas Bankruptcy Court"), listing as creditors the above-named appellees (except for the chapter 7 trustee, and hereinafter collectively the "Creditors").

The Debtor filed with his petition a request for a 30-day temporary waiver of the credit counseling briefing requirement under § 109(h)(1). He explained his efforts to obtain the briefing and the reason he was unable to obtain it before filing for bankruptcy as follows:

> Due to an inability to pay the fee for the counseling services as my credit card has not been able to be charged, I was unable to obtain the counseling services in advance of filing. I will get the card reactivated and complete the counseling before May 18, 2023. NONE of my debt is related to irresponsible credit use or profligate spending. The entire reason for filing is a default judgment for $15,000,000.00 in Miami Federal Court . . . . There will be NO ISSUE with having the course completed and reported to the Court by the end of business on 18 May.

On May 12, 2023, the Texas Bankruptcy Court entered an order denying the Debtor's motion for an extension of time to satisfy the credit counseling requirement (the "Order Denying Credit Counseling Extension"), reasoning:

> The voluntary petition form provides specific instructions [for] debtors choosing to seek a temporary waiver of the credit counseling requirement, including a directive to "attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy,

---

[1] Unless otherwise noted, references to "Bankruptcy Code" or to specific statutory sections are to 11 U.S.C. §§ 101-1532.

3

and what exigent circumstance required you to file this case." No separate explanation was provided by Debtor, and . . . § 109(h)(3)(A) does not authorize this Court to extend the time for compliance with this requirement unless the prerequisites stated therein are met, including that a request for credit counseling services was actually made but could not be fulfilled prior to the filing of the petition. The request contained in the voluntary petition, without more, does not satisfy those prerequisites.

Concluding that the Debtor "failed to provide sufficient justification to merit a temporary waiver of the requirements imposed by . . . § 109(h)," the Texas Bankruptcy Court ordered the Debtor to "fulfill the credit counseling requirement immediately but in any case not later than . . . May 26, 2023," and refused to waive the requirement, stating:

> If such requirement is fulfilled prior to this date, the Court would hope that parties in interest would elect to waive this eligibility issue in light of Debtor's *pro se* status, thereby avoiding a possible pointless re-filing and the necessity of conducting a stay continuation hearing.
>
> . . . [T]he request for waiver of the credit counseling requirement contained in the voluntary petition filed by the above-referenced Debtor, Charles Muszynski, on May 11, 2023, is otherwise **DENIED**.

On July 5, 2023, the Texas Bankruptcy Court issued an order to show cause to the Debtor (the "First OSC"), directing him to demonstrate why the case should not be dismissed for lack of eligibility to be a debtor pursuant to § 109(a)[2] or, alternatively, why venue should not be transferred under 28 U.S.C. § 1408 as it appeared the Debtor had no domicile, residence, or place of business in Texas.

Thereafter, in his July 31, 2023 response to the First OSC, the Debtor asserted he qualified as a debtor because he had a bank account in Texas and furniture in Puerto Rico. The Debtor also filed a motion requesting the transfer of the case to the U.S. Bankruptcy Court for the District of Puerto Rico (the "P.R. Bankruptcy Court").

---

[2] Section 109 is entitled "Who may be a debtor." 11 U.S.C. § 109. Subsection (a) provides that "only a person that resides or has a domicile, a place of business, or property in the United States, or a municipality, may be a debtor under this title." 11 U.S.C. § 109(a).

4

After conducting an evidentiary hearing on the First OSC, the Texas Bankruptcy Court issued an order on August 23, 2023, declining to dismiss the case on the grounds of the Debtor's eligibility under § 109(a).[3] The Texas Bankruptcy Court also issued an order transferring the case to the U.S. District Court for the District of Puerto Rico for reference to the P.R. Bankruptcy Court.[4]

**II.     Developments in the P.R. Bankruptcy Court**

After conducting a status conference on February 28, 2024, the P.R. Bankruptcy Court issued an order (the "Second OSC") directing the Debtor to demonstrate why the case should not be dismissed for: (1) "failure to fully disclose his financial resources"; and (2) "lack of eligibility to be a debtor pursuant to . . . § 109(h)." Because our disposition of this appeal turns on the latter prong of the Second OSC, we do not examine events relating to the former.

In response to the Second OSC, the Debtor filed a copy of a credit counseling certificate which stated he received a briefing from an approved agency that complied with the provisions of § 109(h) on May 13, 2023. In a pleading accompanying the certificate, the Debtor maintained that he "timely paid and completed the preliminary credit counseling course" on May 13, 2023. The Debtor made no reference to the timing requirements for the credit counseling briefing pursuant to § 109(h) or to the requirements for a temporary waiver of the briefing under § 109(h)(3). He did state, however, that he had "no printer access, no scanning access, no PACER access, and was not afforded a level playing field for electronic filing" in the Texas Bankruptcy Court.

---

[3] The Debtor's interpretation of the Texas Bankruptcy Court's ruling—namely, that the court declined to dismiss on the grounds of his failure to satisfy § 109(h)—is not supported by the record.

[4] Accordingly, the Debtor's motion to transfer venue was denied as moot.

5

In a separate pleading captioned "Response to Sua Sponte Order To Show Cause . . . ," the Debtor defended his eligibility to be a debtor by asserting that he "timely paid and completed the preliminary credit counseling course."

After consideration of the Debtor's responses to the Second OSC, on May 21, 2024, the P.R. Bankruptcy Court issued an opinion and order dismissing the Debtor's chapter 7 case (the "Dismissal Order") for several reasons, including his "lack of eligibility to be a debtor" under § 109(h)(1), citing his failure to satisfy the pre-petition credit counseling requirement or to obtain a deferral of the requirement.[5] In dismissing the Debtor's case on § 109(h)(1) grounds, the P.R. Bankruptcy Court acknowledged the Debtor's assertion that he obtained credit counseling on May 13, 2023, but noted that: (1) the counseling was late, having occurred two days after the petition date; and (2) the Debtor failed to "meet the requirements that would have entitled him to a temporary waiver [of] the pre-petition credit counseling requirement, pursuant to . . . § 109(h)(3)," namely, "the required certification describing the exigent circumstances that merited a waiver of the requirement." The P.R. Bankruptcy Court added:

> Although Debtor certified that he asked for credit counseling services from an approved agency but was unable to obtain those services during the seven days after he made the request, he failed to explain the efforts made to obtain counseling prior to filing for bankruptcy and the reasons for which he was unable to obtain the credit counseling before the petition date.

Having found that the Debtor neither satisfied the credit counseling requirement under § 109(h)(1) nor the requirements for a temporary waiver under § 109(h)(3), the court concluded he was ineligible to be a debtor under § 109(h)(1).

---

[5] The P.R. Bankruptcy Court also cited the Debtor's failure to comply with: (1) his duty of full disclosure under § 521; and (2) a court order to provide all the required financial information. As previously noted, these grounds for dismissal are not the focus of our disposition.

6

The Debtor filed an amended motion for stay pending appeal with the P.R. Bankruptcy Court, which that court denied. The P.R. Bankruptcy Court also denied the Debtor's motion to vacate the Dismissal Order.

### III. The Appeal

The Debtor filed his initial notice of appeal from the Dismissal Order on June 18, 2024.[6] Thereafter, he filed a request for a stay pending appeal with the Panel, which the Panel denied.

The Debtor then filed a motion for reconsideration of the stay denial with the Panel, arguing for the first time that the Texas Bankruptcy Court waived the credit counseling requirement. The Panel denied the Debtor's reconsideration request.

The Creditors filed a motion to intervene as appellees in this appeal, which the Panel granted over the objection of the Debtor.

## POSITIONS OF THE PARTIES

### I. The Debtor

The Debtor asserts that "all parties"—including the Creditors—waived the credit counseling requirement. He further maintains that he timely obtained credit counseling on May 13, 2023. The Debtor adds that the P.R. Bankruptcy Court "ignored" that "no counseling exists" where he resides—Nevis and St. Kitts—and the credit counseling requirement was, therefore, inapplicable under Taal v. Sumski (In re Taal), 504 B.R. 682 (B.A.P. 1st Cir. 2014). Additionally, the Debtor cites In re Hess, 347 B.R. 489, 501 (Bankr. D. Vt. 2006), for the proposition that § 109(h)'s credit counseling requirement is "waivable" where no one is

---

[6] Although the Debtor attempted to appeal various other orders entered in his bankruptcy case (including the order denying his motion for stay pending appeal and the order granting the request for extension of time to file a complaint objecting to discharge or dischargeability filed by the then-chapter 7 trustee), the Panel entered judgments of partial dismissal with respect to his appeals of those orders. All that remains at this juncture is his appeal of the Dismissal Order.

7

objecting and there are exceptional circumstances. The Debtor maintains that the P.R. Bankruptcy Court ignored a purported ruling by the Texas Bankruptcy Court that the case would not be dismissed on account of his ineligibility to be a debtor under § 109. Finally, the Debtor asserts that, under § 707(a), he was entitled to an evidentiary hearing on the issue of his "timely compliance" before the P.R. Bankruptcy Court dismissed his case.

**II.     The Creditors**

The Creditors argue that the Debtor's completion of the required credit counseling on May 13, 2023, "after the date of filing his petition," was untimely. They also contend the Debtor did not file with his petition a certification under § 109(h)(3) describing exigent circumstances that merited a temporary waiver of § 109(h)(1)'s requirement. Despite the Debtor's assertion to the contrary, the Creditors insist that they did not waive the Debtor's creditor counseling requirement. In support, the Creditors highlight that, in their May 31, 2024 motion for relief from the automatic stay, they noted the Debtor's failure to satisfy the creditor counseling requirement. In addition, the Creditors maintain, bankruptcy courts do not have the authority to waive the counseling requirement. The Creditors also challenge the Debtor's argument that he was unable to obtain credit counseling because he lived overseas, maintaining the Debtor's argument was belied by: (a) his earlier representations that he was unable to obtain the required counseling due to problems with his credit card; and (b) his online completion of the credit counseling course on May 13, 2023, the day after the Texas Bankruptcy Court denied his motion for a 30-day temporary waiver of the counseling requirement.

Characterizing this appeal as frivolous, the Creditors ask the Panel to impose sanctions against the Debtor.

## APPELLATE JURISDICTION

The Panel has jurisdiction to hear appeals from final judgments, orders, and decrees of the bankruptcy court. 28 U.S.C. § 158(a)-(c). A bankruptcy court order dismissing a chapter 7 case is a final, appealable order. Asociación de Titulares de Condominio Castillo v. DiMarco (In re Asociación de Titulares de Condominio Castillo), 581 B.R. 346, 354 (B.A.P. 1st Cir. 2018); see also Shoup v. McDermott, No. 3:18CV968, 2018 WL 3328861, at *1 (N.D. Ohio July 6, 2018); Pal Family Tr. v. Ticor Title Ins., 490 B.R. 480, 482 (S.D.N.Y. 2013).

## STANDARDS OF REVIEW

The Panel reviews the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. In re Eldorado Canyon Props., LLC, 505 B.R. 601, 603 (B.A.P. 1st Cir. 2014); see also Werthen v. Werthen (In re Werthen), 329 F.3d 269, 272 (1st Cir. 2003). The dismissal of a chapter 7 case is reviewed for an abuse of discretion. See In re Eldorado Canyon Props., LLC, 505 B.R. at 603; Roberts v. Boyajian (In re Roberts), 279 B.R. 396, 399 (B.A.P. 1st Cir. 2000), aff'd, 279 F.3d 91 (1st Cir. 2002). The bankruptcy court's determination of the existence of exigent circumstances under subdivision (i) of § 109(h)(3)(A) or the compliance with the requirements of subdivision (ii) of § 109(h)(3)(A) is also reviewed for an abuse of discretion. Dixon v. LaBarge (In re Dixon), 338 B.R. 383, 387 (B.A.P. 8th Cir. 2006); see also In re Taal, 504 B.R. at 686. "A court abuses its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact." In re Eldorado Canyon Props., LLC, 505 B.R. at 603-04 (citation and internal quotation marks omitted).

## DISCUSSION

### I. The Standard: Section 109(h) and the Credit Counseling Requirement

Section 109(h)(1) "requires, as a condition to eligibility for bankruptcy relief, that within 180 days prior to an individual debtor's bankruptcy filing, the debtor receive (1) a briefing as to

9

available opportunities for credit counseling, and (2) assistance in performing a budget analysis from a nonprofit credit counseling agency, approved ordinarily by the United States Trustee (collectively, 'credit counseling')." Mendez v. Salven (In re Mendez), 367 B.R. 109, 114 (B.A.P. 9th Cir. 2007); see also 11 U.S.C § 109(h)(1); In re Taal, 504 B.R. at 685 ("[D]ebtors must take the required credit counseling course within 180 days prior to the petition date and must file a certificate of compliance within 14 days of filing the petition.") (citing 11 U.S.C. § 521(b)(1); Fed. R. Bankr. P. 1007(c)). The credit counseling requirement "is central, not peripheral, to the bankruptcy process since compliance with Section 109(h) is a prerequisite to obtaining relief under the bankruptcy code." In re Mitrano, 409 B.R. 812, 818 (E.D. Va. 2009). "By definition, an individual may not be a debtor who is eligible for bankruptcy relief unless [the individual] has complied with Section 109(h)." Id. (citations omitted).

    **A.**    **Exceptions to the Pre-Petition Credit Counseling Requirement**

"[T]here are three exceptions to the § 109(h)(1) credit counseling requirement." In re Taal, 504 B.R. at 685. First, pursuant to § 109(h)(2)(A), if the United States trustee or bankruptcy administrator determines that there are no approved agencies "reasonably able to provide adequate services" in a district, then debtors who reside in that district are excused from complying with the requirements of § 109(h)(1). 11 U.S.C. § 109(h)(2)(A); see also In re Taal, 504 B.R. at 685; In re Vollmer, 361 B.R. 811, 813 (Bankr. E.D. Va. 2007) (stating "§ 109(h)(2)(A) provides for a permanent waiver of the credit counseling requirement" under the conditions specified therein). "[M]any courses are available in every district, so that this provision is not likely to be invoked . . . ." Collier on Bankruptcy ¶ 727.13 (Richard Levin & Henry J. Sommer eds., 16th ed.). "Because the counseling can be performed by telephone or over the Internet, . . . no district has been the subject of a determination that credit counseling is unavailable . . . ." Id. at ¶ 20.04 n.42.

10

Second, § 109(h)(3) provides for a deferment of the credit counseling requirement (of up to 30 days) where a debtor "submits to the court a certification that—(i) describes exigent circumstances that merit a waiver" of the requirement; (ii) "states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services . . . during the 7-day period beginning on the date on which the debtor made that request;" and (iii) "is satisfactory to the court." 11 U.S.C. § 109(h)(3)(A)-(B); see also In re Mitrano, 409 B.R. at 816. "[T]he three requirements of Section 109(h)(3)(A) are conjunctive, and a debtor therefore must assert sufficient facts in the certificate to satisfy all three requirements to be eligible for a deferral." In re Mitrano, 409 B.R. at 816 (citations omitted). "For 'cause' shown, the debtor can obtain up to an additional fifteen days postpetition to receive the required credit counseling." In re Mendez, 367 B.R. at 114 (citations omitted).

Third, § 109(h)(4) sets forth exceptions to the credit counseling requirement for debtors who are unable to complete credit counseling "because of incapacity, disability, or active military duty in a military combat zone." 11 U.S.C. § 109(h)(4). The § 109(h)(4) exceptions are not implicated in this appeal.

### B. Consequences for Failure to Comply with § 109(h)

The Bankruptcy Code is silent regarding the consequence for failing to comply with the pre-petition credit counseling requirement. See Robertson v. Kremen, No. WDQ-12-0342, 2012 WL 1999499, at *3 (D. Md. June 1, 2012); In re Crawford, 420 B.R. 833, 837 (Bankr. D.N.M. 2009). "The majority of courts considering the issue have found that dismissal of the case is mandatory if the debtor failed to comply with the credit counseling requirement of . . . § 109(h)." In re Crawford, 420 B.R. at 838; see also Hayes v. Fay Servicing, LLC, No. 6:22-cv-00063, 2023 WL 2541129, at *3 (W.D. Va. Mar. 16, 2023) (affirming dismissal for noncompliance with

11

§ 109(h)(1)); Leavers v. McLaughlin, 648 F. Supp. 3d 671, 678 (D. Md. 2023) (recognizing that a majority of courts dismiss for noncompliance with § 109(h)); In re Fiorillo, 455 B.R. 297, 306 (D. Mass. 2011) (acknowledging the majority view, noting the First Circuit has not yet confronted the issue, and declining to resolve it); In re Dixon, 338 B.R. at 389 (observing that "virtually every court that has visited th[e] issue" has held that once the determination of ineligibility under § 109(h)(1) is made, "dismissal of the case is appropriate"); In re Johnson, No. 17-00182, 2017 WL 1740309, at *3 (Bankr. D.D.C. May 3, 2017) ("If . . . the court determines that a debtor is ineligible under § 109(h)(1) to be a debtor . . . , the court cannot disregard the statute and is obligated to dismiss the case unless § 109(h)(1) is being invoked in circumstances in which a dismissal would create an abuse of the bankruptcy system . . . ."); In re Stinnie, 555 B.R. 530, 536 (Bankr. W.D. Va. 2016) ("It is well established that if an individual is ineligible to be a debtor in bankruptcy, it is fitting for the bankruptcy court to dismiss the case.") (citations omitted); In re Falcone, 370 B.R. 462, 465 (Bankr. D. Mass. 2007) (dismissing petition because the debtor failed to certify that she sought credit counseling *before* filing her petition).

Moreover, numerous courts have held that "although the eligibility requirements of section 109(h) may not be jurisdictional, they are also not freely waivable . . . ." In re Stinnie, 555 B.R. at 534 (citation and internal quotation marks omitted); see also In re Mitrano, 409 B.R. at 817 ("The bankruptcy court decisions in this district have generally subscribed to the view that there is no discretion in applying the requirements of Section 109(h)."); In re Bain, No. 08-13395-SSM, 2008 WL 2570831, at *2 (Bankr. E.D. Va. June 23, 2008); In re Ross, 338 B.R. 134, 136 (Bankr. N.D. Ga. 2006). As one court reasoned: "To routinely waive the requirements is akin to simply ignoring the requirements." In re Stinnie, 555 B.R. at 534.[7]

---

[7] There are some circumstances, however, where courts will typically waive the requirement. For example, most courts waive the requirement when the debtor is attempting to use noncompliance to manipulate dismissal for its own benefit. Simon v. Amir (In re Amir), 436 B.R. 1, 20-21 (B.A.P. 6th Cir.

12

## II. The Standard Applied

### A. Eligibility to be a Debtor

In dismissing the Debtor's case, the P.R. Bankruptcy Court concluded that he was ineligible to be a debtor under § 109(h)(1). The record reflects that the Debtor obtained the required credit counseling two days after the filing of his petition without having obtained a deferral of the requirement. Thus, the P.R. Bankruptcy Court's finding that the Debtor did not satisfy the credit counseling requirement is not clearly erroneous. The next question becomes whether the record supports the P.R. Bankruptcy Court's finding that the Debtor was not excused from satisfying the requirement.

Here, the Debtor did not properly or timely invoke any of the statutory exceptions to the credit counseling requirement below; nor does the record suggest that he qualified for them. First, to the extent that § 109(h)(2) applies to the unavailability of counseling services within "a district," that section has no application in this case, where the Debtor resided abroad—not in a district of the United States courts where the United States trustee (or a bankruptcy administrator) has made a determination of unavailability required by that subsection.

---

2010); see also In re Fiorillo, 455 B.R. at 306. Additionally, courts waive the requirement where the debtor's case has been fully administered, is ripe for discharge, and no prejudice would ensue from allowing the case to proceed. See In re Mattingly, No. 08-10883-WCH, 2008 WL 2559387, at *1 (Bankr. D. Mass. June 23, 2008) (waiving the requirement where the debtor reasonably attempted to comply, no party in interest objected, and the case was fully administered); In re Henderson, 364 B.R. 906, 915 (Bankr. N.D. Tex. 2007) (concluding debtors made "earnest attempts" to comply and "an injustice would occur" if court did not allow case to proceed); In re Hess, 347 B.R. at 498 & 500 (concluding courts have discretion to dismiss a case based on a debtor's failure to meet the eligibility requirement of § 109(h) in cases "where to decline to exercise discretion would result in manifest injustice" and there was no prejudice to creditors); see also In re Vollmer, 361 B.R. at 813-15 (excusing compliance with the requirements of § 109(h) where compliance was impossible by virtue of debtor's incarceration, as debtor had no access to either a telephone or the internet).

13

Second, the Debtor's assertion on appeal that credit counseling services were unavailable in St. Kitts and Nevis may be a belated attempt to invoke the § 109(h)(3) exigency exception. Because the Debtor never made that argument in the bankruptcy court, however, it is waived. See Abdallah v. Bain Cap. LLC, 752 F.3d 114, 121 (1st Cir. 2014) (stating arguments made for the first time on appeal are waived); Khan v. Bankowski (In re Khan), 375 B.R. 5, 13 (B.A.P. 1st Cir. 2007) (stating arguments not raised in the bankruptcy court cannot be raised for the first time on appeal). In any event, even if the Panel were to consider the "unavailability" argument, it would fail. Because the credit counseling can be performed by telephone or over the internet, and the Debtor never argued that he lacked access to either, his argument that the counseling services were unavailable is unpersuasive. Indeed, the "unavailability" argument is unsupported by the record: (1) when the Debtor filed his petition, he disclosed, not that the counseling was unavailable, but rather that his credit card "was unable to be charged"; and (2) the Debtor obtained the counseling on May 13, 2023—one day after the Texas Bankruptcy Court ordered him to do so pursuant to the First OSC. Moreover, in the request for a temporary waiver submitted with his petition, the Debtor did not set forth any imminent event or exigency that impelled him to file his petition instead of waiting to file until he received credit counseling. Thus, the P.R. Bankruptcy Court did not abuse its discretion in determining that he failed to describe exigent circumstances that merited a waiver. See In re Johnson, 2017 WL 1740309, at *2 (finding lack of exigency under analogous circumstances).

Not only are the statutory exceptions inapplicable, but there is also nothing in the record to suggest either the Texas Bankruptcy Court or the Creditors waived the credit counseling requirement, notwithstanding the Debtor's assertions to the contrary. In the Order Denying

14

Credit Counseling Extension, the Texas Bankruptcy Court refrained from issuing a waiver of the requirement. While it is not entirely clear what the Texas Bankruptcy Court intended when it expressed its "hope that parties in interest would elect to waive this eligibility issue in light of Debtor's *pro se* status" if he obtained the required credit counseling by May 26, 2023, one thing is clear: the Texas Bankruptcy Court explicitly ruled that "the Debtor failed to provide sufficient justification to merit a temporary waiver of the requirements imposed by 11 U.S.C. § 109(h)." Moreover, the record simply does not support the Debtor's interpretation that either the Texas Bankruptcy Court or the Creditors waived the credit counseling requirement. It is equally clear that the Creditors had not acquiesced in the Debtor's failure to satisfy the credit counseling requirement, as evidenced by the assertions set forth in their motion for relief from stay. Also absent from the record are any of the limited circumstances that might have justified a waiver of the requirement by the P.R. Bankruptcy Court (assuming our circuit permitted such waivers), such as: an attempt by the Debtor to use the noncompliance to manipulate dismissal for his own benefit, Amir, 436 B.R. at 20-21; the full administration of the Debtor's case, or that the case was ripe for discharge, and no prejudice would ensue from allowing the case to proceed, In re Mattingly, 2008 WL 2559387, at *1; that dismissal would result in "manifest injustice," Hess, 347 B.R. at 501; or that no parties in interest object. In re Henderson, 364 B.R. at 906.

  Nothing in the record suggests that the P.R. Bankruptcy Court clearly erred in finding that the Debtor failed to satisfy the credit counseling requirement or abused its discretion when it found that the Debtor failed to satisfy the requirements that would have entitled him to a temporary waiver of the pre-petition credit counseling requirement under § 109(h)(3).

  The Debtor's argument that he was entitled to an evidentiary hearing under § 707(a) does not alter our analysis. It is true that dismissal of a chapter 7 case under that section requires

"notice and a hearing." See 11 U.S.C. § 707(a) (stating "[t]he court may dismiss a case under this chapter only after notice and a hearing . . ."). However, the bankruptcy court did not dismiss the Debtor's case pursuant to § 707(a); instead, it dismissed the case pursuant to § 109(h), after concluding—at least implicitly—that dismissal was mandatory due to the Debtor's ineligibility to be a debtor. In so doing, presumably the P.R. Bankruptcy Court relied (also implicitly) on § 105(a), which empowered it "to exercise its equitable powers . . . to facilitate the implementation of other Bankruptcy Code provisions,"[8] Bessette v. Avco Fin. Servs., Inc., 230 F.3d 439, 444 (1st Cir. 2000) (citation and internal quotation marks omitted), and on its inherent authority to manage its own docket. See Dietz v. Bouldin, 579 U.S.40, 47 (2016) (stating a court's inherent authority includes the court's power to "manage [its] dockets with a view toward the efficient and expedient resolution of cases"); see also Torres-Álamo v. Puerto Rico, 502 F.3d 20, 25 (1st Cir. 2007) ("A district court, as part of its inherent power to manage its own docket, may dismiss a case for any of the reasons prescribed in Federal Rule of Civil Procedure 41(b), including failure of the plaintiff to comply with any order of the court.") (citation omitted).

Even if we construed the dismissal in this instance as one under § 707(a) (which we do not), § 102(1)(A) defines the phrase, "after notice and a hearing" to mean "such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances[.]" See 11 U.S.C. § 102(1)(A). This means that in chapter 7 cases an evidentiary hearing is not always required. See In re Fernandez Rosado, No. 07-05871, 2010 WL 1005190, at *3 (Bankr. D.P.R. Mar. 15, 2010) (stating, in the context of a chapter 7 dismissal, "after proper notice is given, a hearing is not required under" certain circumstances,

---

[8] Section 105(a) provides: "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a).

16

including when "no party in interest timely requests" one). Moreover, "[t]he bankruptcy court has the discretion to decide an issue without holding an evidentiary hearing." Ross v. Garcia (In re Garcia), 532 B.R. 173, 182 (B.A.P. 1st Cir. 2015) (citations omitted).

    Here, the record provided ample evidence upon which the P.R. Bankruptcy Court could base its decision, including the very certificate of credit counseling furnished by the Debtor. See Rockstone Cap. LLC v. Metal, 508 B.R. 552, 559 (E.D.N.Y. 2014) (stating a bankruptcy court does not abuse its discretion in reaching a decision without conducting an evidentiary hearing where the record provided ample evidence). There is no indication that the Debtor lacked notice or an opportunity to present his arguments in opposition to the looming threat of dismissal. He was present at the February 28, 2024 status conference and the P.R. Bankruptcy Court's docket is replete with the Debtor's submissions filed in response to the Second OSC. Moreover, the Debtor's insistence on a hearing comes too late, as there is no indication in the record that he explicitly and timely requested a hearing below. See 11 U.S.C. § 102(1)(B)(i) (stating the phrase "'after notice and a hearing' . . . authorizes an act without an actual hearing if such notice is given properly and if such a hearing is not requested timely by a party in interest").

    Based on the above analysis, we conclude that the P.R. Bankruptcy Court did not abuse its discretion in deciding not to hold an evidentiary hearing and properly determined that the Debtor did not qualify to be a debtor. Because one ground is sufficient for dismissal, our analysis ends here, with a conclusion that the P.R. Bankruptcy Court did not abuse its discretion in dismissing the Debtor's case under § 109(h)(1) and § 105(a). See In re Mitrano, 409 B.R. at 819 (citing § 105, and stating "bankruptcy courts necessarily have authority to dismiss cases *sua sponte* where the filer has failed to satisfy § 109(h) and consequently is not an eligible debtor"). Accordingly, we need not examine the bankruptcy court's other grounds for dismissal. See Vaqueria Las Martas, Inc. v. Condado 5, LLC (In re Vaqueria Las Martas, Inc.), 638 B.R. 482,

17

499 (B.A.P. 1st Cir. 2022) (similarly declining to analyze bankruptcy court's alternative grounds for dismissal of chapter 12 case, after affirming on one statutory ground).

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the Dismissal Order. The Creditors' sanctions request is **DENIED**. See Fed. R. Bankr. P. 8020(a) (requiring sanctions request to be raised by a "separate motion"); see also Aziz v. U.S. Bank, NA (In re Aziz), BAP No. AZ-16-1133-BTaF, 2017 WL 3494805, at *4 (B.A.P. 9th Cir. Aug. 3, 2017) (denying sanctions request for failure to comply with separate motion requirement).